**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ASKO APPLIANCES, INC. f/k/a AM APPLIANCE GROUP, INC.; ASKO APPLIANCES AB.; ASKO APPLIANCES HOLDING AB.; ANTONIO MERLONI SPA; and DAEWOO ELECTRONICS CORP.,<br><br>        Defendants. | **Civil Action No. 08-828 (JAP)**<br><br>**OPINION** |

Before the Court are Defendant ASKO Appliances Holding AB's ("ASKO Holding") motion to dismiss for lack of personal jurisdiction (Docket Entry No. 21) and Defendant Daewoo Electronics Corp.'s ("Daewoo") motion to dismiss the instant complaint for insufficiency of service of process. (Docket Entry No. 39.) The Court has decided these motions based on the submissions of the parties and without oral argument, pursuant to Federal Rule of Civil Procedure 78.

### I.     Background

The facts of this case are well known to all parties. As a result, only those relevant to the instant motions are set forth herein. Plaintiff LG Electronics, Inc. ("LG") brings the instant patent infringement case against Defendants ASKO Holding, ASKO Appliances, Inc., ASKO Appliances AB, Antonio Merloni S.p.A., and Daewoo (collectively, "Defendants"), alleging that

Defendants are selling "knock-offs" of patented LG washing machine designs and in so doing, are willfully infringing upon five patents held by LG.  Defendant ASKO Holding is a holding company located in and operated out of Sweden.  Defendant Daewoo is a Korean corporation.  LG served the complaint upon Howrey LLP ("Howrey"), counsel for the ASKO Defendants,[1] on November 25, 2008.  On January 16, 2009, attorneys from Howrey clarified that they would only answer for the ASKO Defendants and that Antonio Merloni was represented by separate counsel.  Further, Howrey stated that Daewoo would require formal service but noted that the firm did represent Daewoo, in addition to the ASKO Defendants.  LG responded by letter dated January 22, 2009 asking whether Howrey intended to waive service for Daewoo pursuant to Federal Rule of Civil Procedure 4.  In an email dated March 20, 2009, after LG had commenced its efforts to serve the Complaint upon Daewoo in Korea (described below), Howrey stated that "neither Daewoo nor . . . [ASKO Holding and ASKO Appliances] intend to waive service." (Declaration of Brian K. Andrea dated May 21, 2009 ("Andrea Decl."), Ex. 3.)

In light of these communications, LG initiated service of process on the foreign defendants.  On February 9, LG procured a Korean translation of the Complaint, and on February 10, 2009, the filing was assembled and submitted to the Korean Central Authority.  However, the Clerk of Court for the Western District of Seoul sent a notice to Daewoo, received on March 11, 2009, which informed Daewoo that a translation of "the document" was not included in the filing and advised Daewoo as to its options regarding whether to accept delivery.

---

[1]  The "ASKO Defendants" are ASKO Appliances, Inc., a Delaware corporation, ASKO Appliances AB and ASKO Holding, both Swedish corporations.  ASKO Appliances, Inc. is the only domestic defendant in this action.  Antonio Merloni, an Italian corporation, is the parent company to the ASKO Defendants.

According to the notice, Daewoo could either collect the filing and have it deemed delivered, or it could "elect not to express to the court whether [it] intend[s] to collect the document or not within [two weeks], and [Daewoo] may also notify the court [it] does not wish to collect it." (Declaration of Baldine B. Paul dated June 2, 2009, Ex. 3.)  On May 12, 2009, LG received copies of two notices sent by the Clerk of Court for the Western District of Seoul.  The first was dated April 14, 2009 and informed LG that the Complaint had not been served because "[Daewoo] was notified to collect the document by coming to the court on or before March 26, 2009, or request to have the document sent to him [*sic*], but there was no contact made on or before that date."  (Andrea Decl., Ex. 5 at 3.)  Howrey and counsel to LG subsequently exchanged emails and letters where each articulated its differing understanding as to whether service had been effected sufficiently.  (Andrea Decl., Exs. 6-11.)

LG served the foreign ASKO Defendants in Sweden, and they answered on April 14, 2009.  Antonio Merloni was served in Italy and answered on April 27, 2009.  Discovery has recently commenced in this matter.  Defendant ASKO Holding now moves this Court to dismiss it from the suit based on this Court's lack of personal jurisdiction over it.  Defendant Daewoo also moves for its dismissal from the case due to allegedly insufficient service of process under the Hague Convention on the Service of Abroad of Judicial and Extrajudicial Documents ("Hague Convention").  LG opposes both motions.  For the reasons described below, Daewoo's motion is denied, ASKO Holding's motion is granted, and ASKO Holding is hereby terminated as a defendant in this case.

## II.     Personal Jurisdiction Over ASKO Holding

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a court to dispose of cases

improperly before it based upon a lack of personal jurisdiction. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 300 (3d Cir. 2001). Due Process requires that a defendant have "minimum contacts" with the forum state such that an exercise of jurisdiction over the defendant comports with notions of fair play and substantial justice. The "minimum contacts" analysis requires the defendant to have personally and intentionally established a substantial connection with the forum state by purposefully availing itself of the privileges of conducting business in the forum state. Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon "the nature of the interactions and type of jurisdiction asserted." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). For instance, where the cause of action "does not arise out of or relate to the [defendant]'s activities in the forum State," but the defendant has "continuous and systematic" contacts with the forum state sufficient to confer personal jurisdiction, a court is said to exercise general jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984). In contrast, a court exercises specific jurisdiction over a defendant when the defendant has limited contacts with the forum state but the suit against him arises out of or relates to those contacts. *Id.* at 414 n.8.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987); *see also* Fed. R. Civ. P. 4(k). Delaware's long-arm statute, 10 Del. C. § 3104, asserts jurisdiction over a non-resident person or corporation where the non-resident party commits any one of the following acts: (1) transacting any business within the state (10 Del C. § 3104(c)(1)); (2) contracting to provide services in

Delaware (§3104(c)(2)); (3) causing tortious injury within the state through an act committed in the state (§3104(c)(3)); (4) causing tortious injury within the state through an act committed outside the state where the person solicits business in or derives substantial revenue from Delaware (§3104(c)(4)); (5) having an interest in or possessing real property in the state (§3104(c)(5)) or; (6) acting as a surety for a contract executed or performed in the state at the time the contract is made (§3104(c)(6)).  Courts have interpreted §3104(c)(4) to confer general jurisdiction over a defendant, noting,

> Although this section authorizes jurisdiction even when the tortious acts and the injury occurred outside of Delaware, the defendant or its agent must still be "generally present" in the state.  This "general presence" requires that the defendant or agent "regularly does or solicits business, engages in any other persistent course of conduct in the State, or derives substantial revenue from services, or things consumed in the State." While seemingly broad, the standard for general jurisdiction is high in practice and not often met.

*Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003) (internal citations omitted).

Once a defendant challenges personal jurisdiction, a plaintiff has the burden to establish that the claim is properly before the court. *General Electric Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1462 (D. Del. 1991).  However, where, as here, a court does not hold an evidentiary hearing, the Plaintiff needs only to establish a *prima facie* case of personal jurisdiction.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  This burden may be satisfied through the use of affidavits or other competent evidence.  *Dayhoff*, 86 F.3d at 1302.  "'[T]he plaintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court in personam jurisdiction.'" *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990) (quoting *Time*

*Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).  Unless a plaintiff can establish "with reasonable particularity sufficient contacts between the defendant and the forum state," *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), a plaintiff cannot survive a motion to dismiss.

>In its moving brief, ASKO Holding asserts that it
>
>>does not make, use, offer to sell, or sell any products anywhere in the world nor does it import any products of any kind anywhere in the world.  In addition, ASKO Holding is not registered to do business in Delaware and does not own any property or pay any taxes in Delaware.  It also does not derive any revenue from any goods, services, or manufactured products in Delaware, other than the stock revenue it derives from its stock interests in ASKO Inc. and ASKO AB.

(Def. ASKO Holding's Br. at 3.)  Essentially, ASKO Holding alleges that it does not possess the requisite minimum contacts with the State of Delaware such that Delaware can constitutionally assert jurisdiction over it.  In opposition, LG prays this Court to order "limited jurisdictional discovery to corroborate the declaration [submitted by] ASKO Holding['s] CEO."  (Pl.'s Opp'n Br. at 2.)

The Court finds that LG has failed to establish personal jurisdiction over ASKO Holding, under either a specific or general jurisdiction theory.  ASKO Holding has no contacts with Delaware aside from its parent-subsidiary relationship with ASKO Appliances, Inc., a company incorporated in Delaware.  ASKO Holding is merely a passive holding company that engages in no production activities, and does not participate in its subsidiary's day-to-day decisions, propositions LG does not dispute.  Accordingly, this Court finds that neither the agency nor alter-ego theory permit jurisdiction over ASKO Holding based on its subsidiary's contacts with Delaware.  Quite simply, ASKO Holding directed no activities toward Delaware in particular or the United States in general, and LG's patent infringement case cannot reasonably be understood

-6-

to arise out of these nonexistent contacts. With regards to general jurisdiction, the complete absence of any contacts between ASKO Holding and Delaware make it impossible for this Court to conclude that "extensive and continuing" contacts exist to warrant an exercise of jurisdiction. Further, the Court, in its discretion, denies Plaintiff's motion for jurisdictional discovery because LG has failed to identify with any reasonable particularity the possible existence of sufficient contacts, instead relying on speculations about potential relationships between ASKO Holding, its parent company Antonio Merloni, and their various subsidiaries. The Court rejects for jurisdictional purposes LG's unsupported hypothesis that the Defendants embarked on a "common scheme or plan to infringe" and finds that this unsubstantiated speculation is insufficient to warrant jurisdictional discovery.

### III.    Service of Process Upon Daewoo

Defendant Daewoo "appear[s] solely for the purpose of challenging sufficiency of process" pursuant to Federal Rule of Civil Procedure 12(b)(5), alleging that LG failed to perfect service under the Hague Convention by omitting Korean translations of the Complaint, notwithstanding LG's representation that a translation of the Complaint had been submitted to the Clerk of Court in Seoul.

Federal Rule of Civil Procedure 4(f) establishes three means of effecting service in a foreign jurisdiction. Rule 4(f)(1) directs service to be effected "by any internationally agreed means . . . that is reasonably calculated to give notice, such as the Hague Convention." Fed. R. Civ. P. 4(f)(1). The Court credits the declaration of Dr. Baldine Paul that the package sent by LG's counsel to the Korean Central Authority contained a Korean translation of the Complaint. Under Rule 4(f)(1)'s standard, the Court holds that service was sufficiently effected under the

Hague Convention and that LG's submission, duly delivered to the Korean Central Authority, was "reasonably calculated to give notice" of the claims against Daewoo. Although Daewoo received a communication stating that a translation of "the document" was not included, that same communication directed Daewoo to contact the Clerk of Court to advise whether it wished to accept delivery, refuse delivery but still have the package sent to Daewoo, or refuse delivery entirely. When LG followed-up with the Clerk of Court upon seeing that Daewoo had still not received the package, the Clerk clarified that the patents (not the Complaint) had not been translated to Korean. Had Daewoo returned the phone call from the Clerk of Court, or responded to the written notice, it could have easily discovered that only the patents remained untranslated.[2] Instead, Daewoo chose to do nothing. Though Daewoo is correct that the Korean Clerk of Court directed that it was within Daewoo's discretion to accept delivery, the Clerk of Court also obligated Daewoo to respond with its intended response within two weeks. Daewoo did not comply. The Court finds that Daewoo's efforts to contest service can be best characterized as an intentional, vexatious attempt to evade service, if not avoid it entirely.

      Further, and in the alternative, this Court finds that, pursuant to Rule 4(f)(3), service upon an attorney is warranted in order to prevent further delays in litigation. *See* Fed. R. Civ. P. 4(f)(3) (stating that a foreign individual may be served in a foreign jurisdiction "by other means not prohibited by international agreement, as the court orders.") The Court notes that the regularity of contact between Daewoo and Howrey clearly demonstrate that Daewoo is on notice of the contents of the instant complaint. Further, this Court cannot countenance the continued

---

[2] The Court further notes that neither the Hague Convention nor South Korea's reservations to the treaty require translation of patents appended to a Complaint.

attempts to unnecessarily frustrate service upon Daewoo and further delay the instant litigation. Therefore, the Court, in its discretion, orders service on Daewoo through its counsel Howrey.

### IV. Conclusion

Accordingly, Daewoo's motion to dismiss for insufficient process is hereby denied and ASKO Holding's motion to dismiss for lack of personal jurisdiction is hereby granted. An appropriate Order accompanies this Opinion.

Dated: June 23, 2009

/s/   JOEL A. PISANO
United States District Judge