**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG ELECTRONICS, INC.,        )
                                 )
       Plaintiff,             )
                                 )
       v.                   )    C. A. No. 08-828-JAP
                                 )
ASKO APPLIANCES, INC. f/k/a AM    )    **JURY TRIAL DEMANDED**
APPLIANCE GROUP, INC., ASKO      )
APPLIANCES AB, and DAEWOO       )    **PUBLIC VERSION**
ELECTRONICS CORP.,           )
                                 )
       Defendants.        )

<u>**LETTER TO THE HONORABLE JOEL A. PISANO
DATED AUGUST 27, 2009**</u>

cc:    Clerk of the Court
       (via hand delivery) (w/enc.)

       Counsel of Record
       (via electronic mail) (w/enc.)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiff
LG Electronics, Inc.*

931762/33618



Potter
Anderson
&Corroon LLP

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

August 27, 2009
Public Version Dated: September 3, 2009

**VIA ELECTRONIC FILING**

The Honorable Joel A. Pisano, U.S.D.J.                    **PUBLIC VERSION**
Clarkson S. Fisher Federal Bldg.
  & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

RE:    *LG Electronics, Inc. v. Asko Appliances, Inc. et al.*
       C.A. No. 08-828-JAP (D. Del.)

Dear Judge Pisano:

On behalf of Plaintiff, LG Electronics, Inc. the undersigned counsel respectfully requests the Court to enforce the interrogatory limit agreed upon by the parties in the parties' amended joint discovery plan.  Defendants' interrogatories seek information on discrete pieces of information regarding each Defendant, each accused product, and each asserted patent, thereby containing separate and distinct subparts and constituting separate interrogatories in excess of the interrogatory limit agreed upon by the parties.

The parties have attempted to resolve this dispute.  Unfortunately, the parties were unable to reach an agreement.

### NATURE AND STAGE OF PROCEEDINGS

Plaintiff's Complaint alleges Defendants infringe five patents by making, offering for sale or selling five products within the U.S.  (D.I. 1.)  Subsequently, Defendant Daewoo identified additional ten products relevant to the instant case on August 13, 2009 but no technical

Honorable Joel A. Pisano, U.S.D.J.
August 27, 2009
Public Version Dated: September 3, 2009
Page 2

specification of any of Accused Products have been produced by any of three (3) remaining Defendants to date.[1]

At the time of this request, fifteen (15) Accused Products has been identified as infringing five (5) U.S. patents.

On July 2, 2009, the parties entered into an amended joint discovery plan limiting interrogatories including all discrete subparts to 35 per side.  Through the service and response to Defendant ASKO Appliances Inc.'s First Set of Interrogatories to Plaintiff (Nos. 1-3) in June 2009, only 32 remain.

On July 8, 2009, Defendants served LG with numbered interrogatories (Nos. 1-12)[2]. (Ex. A.)  LG sought meet-and-confer during the week of August 17, and due to a scheduling conflict, the parties met and confer on August 24.  During the parties' meet-and-confer, Defendants did not want to provide any extension of time for LG to provide its interrogatory responses and asked LG to put forth its objections based on sub-parts in writing.

In view of Defendants' disagreement to a short extension of time and *Allahverdi v. Regents of Univ. of New Mexico et al.*[3], LG served only its general objects to the interrogatories, *inter alia*, that they are compound interrogatories and containing discrete subparts exceeding the agreed-upon limit on August 24, 2009.  (Ex. B.)

The parties had additional written exchanges and held another telephonic meet-and-confer on August 27, 2009.  (Ex. C.)  Again, no agreement was reached.

LG now respectfully submits the instant request to the Court seeking to limit Defendants' interrogatories to no more than 35.

---

[1] To date, Plaintiff has produced approximately 87,300 pages of documents in contrast to Defendant ASKO Inc's 1408 pages of documents and Defendant Daewoo's one-page document (no document has been produced by Defendant ASKO AB).

[2] Defendant ASKO inc. originally served LG with interrogatories numbered 1-3 on June 9, 2009. Defendant Daewoo was subsequently joined and the Defendants jointly served interrogatories numbered 1-12 which are the subject of the present dispute.

[3] The Court in *Allahverdi*, found that when a party believes that another party has asked too many interrogatories, it should object to all the interrogatories or file a motion for protective order.  The Court held that by answering some interrogatories and not answering others, defendants waived their objections that plaintiff had exceeded the number allowed in the rule. *Allahverdi v. Regents of University of New Mexico et al.*, 228 F.R.D. 696 (D.C.N.M. 2005).

Honorable Joel A. Pisano, U.S.D.J.
August 27, 2009
Public Version Dated: September 3, 2009
Page 3


**LG's Position and Legal Basis**

      A.     Discrete Subparts of Interrogatories are Counted as Separate
              Interrogatories

Federal Rule 33(a) provides, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a) (1993). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisory Committee Notes of 1993 to Fed. R. Civ. P. 33.

*Kendall v. GES Exposition Servs., Inc.*, analyzes the Federal Rule 33(a) interrogatory limit and what constitutes a discrete separate subject for counting interrogatories. 174 F.R.D. 684 (D. Nev. 1997). *Kendall* was the first case to address counting methodology for discrete separate subjects after the 1993 amendment to Federal Rule 33. *Kendall* in turn adopted the pre-amendment analysis of *Ginn v. Gemini* holding "...interrogatory subparts are to be counted as part of but one interrogatory... if they are logically or factually subsumed within and necessarily related to the primary question." 147 F.R.D. 320, 322 (D. Nev. 1991). *Kendall* added that "the best test whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question." *Kendall*, 174 F.R.D. at 685. Discrete or separate questions should be counted as separate interrogatories even if they are related or joined by a conjunctive word. *Id.* at 686.

      1.     Interrogatories Seeking Facts, People with Knowledge of those Facts, and
              Documents Evidencing those Facts are Separate Interrogatories

Subsequent cases have applied the reasoning of *Kendall* to a variety of interrogatories to create a set of rules by which interrogatories can be properly counted. First, interrogatories that ask questions in the form:

      Interrogatory: State all the facts that support or undermine the allegations, identify
      all the persons who have knowledge of these facts, and identify all documents and
      things that relate or refer to those facts.

have at least three discrete subparts parts, mainly a request for facts, a request for persons, and a request for documents. *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009); *Kendall*, 174 F.R.D. at 686; *but see Stamps.com Inc., v. Endicia, Inc. et al.*, Case No. 06-7499, 2009 WL 2576371 (C.D. Cal. May 21, 2008). (holding facts-persons-documents interrogatories should be counted as a single interrogatory). (Ex. D.)

Honorable Joel A. Pisano, U.S.D.J.
August 27, 2009
Public Version Dated: September 3, 2009
Page 4

> 2.    Interrogatories Seeking Facts Relating to Separate Accused Products
>        Constitute Separate Interrogatories for Each Product

In patent infringement actions, interrogatories seeking facts relating to separate accused products constitute separate interrogatories for each product. *Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004). At this stage, Defendants have identified the following models of "direct drive washing machines sold in the United States" as potentially infringing. These model numbers are ███████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████

> 3.    Interrogatories Seeking Facts Relating to Infringement of Separate Patents
>        Constitute Separate Interrogatories for Each Patent

Interrogatories seeking facts relating to separate patents seek information concerning distinct subjects and should be considered separate interrogatories with respect to each patent. *Stamps.com Inc., v. Endicia, Inc.*, Case No. 06-7499, 2009 WL 2576371 (C.D. Cal. May 21, 2008). (emphasis added). In this case, Plaintiff LG asserts five U.S. patents.

> 4.    Interrogatories Seeking Facts Relating to Each Element of a Set or a
>        Separate Interrogatories for Each Element.

Interrogatories seeking facts relating to each element of a set are separate interrogatories with respect to each element. *Dura Global Tech. Inc. v. Magna Donnelly Corp.*, No. 07-10945, slip op., (E.D. Mich. Aug. 18, 2008). (Ex. E.). An interrogatory requesting information "regarding each document produced" is considered to have discrete subparts for each document. *Id* at 3. This reasoning is equally applicable to interrogatories directed to alleged acts of infringement by each defendant and to interrogatories directed to each allegation of a complaint. Based on the information currently available to Plaintiff, Plaintiff has served infringement contentions for each of the following claims: (1) claims 1-4, 7-9, 14-15, 20, 23-24, and 26-29 of the '382 patent, (2) claims 1-7, 10, 14 and 18-19 of the '363 patent, (3) claims 1-2, 8, 24-26, 28, 45, 47 and 48 of the '716 patent, (4) claims 19-20, 22-25, 27-28, 43-45, 47-49, 51, 53-57, 59, 61-70, 72-88 of the '843 patent, and (5) claims 1-13, 16-22, 24-36 of the '424 patent.

> B.    Defendants' Interrogatory No. 1 Contains 450 Discrete and Separate
>        Subparts.

Defendants' Interrogatory No. 1 seeks both facts and documents with respect to each of 3 defendants, 15 accused products, and 5 patents in suit. Answering such an interrogatory would require LG to respond to no less than 450 discrete and separate subparts. Defendants' interrogatory 1 reads:

Honorable Joel A. Pisano, U.S.D.J.
August 27, 2009
Public Version Dated: September 3, 2009
Page 5

**INTERROGATORY NO. 1:** Identify each claim of each of the Patents-In-Suit that you contend is infringed by each of the Defendants under 35 U.S.C. § 271, and provide a detailed claim chart showing for each element of each asserted claim, (a) each of Defendants' products or methods LGE contends infringes that claim; (b) the specific structure in each of Defendants products or methods that you contend meet that element; (c) whether you contend such alleged infringement is literal or under the doctrine of equivalents; (d) whether you contend such infringement is direct, contributory, induced or joint; and (e) an identification of all documents supporting LGE's contention. If LGE contends that any of the Defendants indirectly infringes any claim of any of the Patents-In-Suit, identify each instance of direct infringement that you believe supports a claim of indirect infringement.

Interrogatory No. 1, *inter alia*, asks for facts relating to the defendants' infringement and documents evidencing those facts. Under *Superior Communications*, interrogatories of this form constitute two separate interrogatories. Interrogatory No. 1 also requests information regarding "each of the Defendants' products or methods…" Under *Collaboration Properties* such an interrogatory is counted as a separate interrogatory for each product. Third, Interrogatory No. 1 asks for information regarding "each of the Patents-In-Suit." Under *Stamps.com* such an interrogatory is counted as a separate interrogatory for each patent. Finally, Interrogatory No. 1 seeks information with respect to "each of the Defendants." Under *Dura Global*, this constitutes a separate interrogatory with respect to each defendant.

To properly calculate the total number of discrete subparts, the interrogatory should first be divided into the portions requesting facts and portions requesting documents. Each resultant interrogatory should then be multiplied by 15 for each of the accused products, 5 for each of the patents in suit, and 3 for each of the defendants. Accordingly, Interrogatory No. 1, is actually a compound interrogatory with no less than 450 discrete subparts.[4]

    C.    Defendants' First Set of Interrogatories (1-12) Contains No Less than 1,685 discrete and separate subparts.

In the interest of judicial economy, the analysis of part B above can be applied to the remaining interrogatories and the results shown in tabular form:

| Numbered Interrogatory | Facts, People, Documents | Accused Products | Patents-in-Suit | Defendants | Total |
|---|---|---|---|---|---|
| 1 | 2 | 15 | 5 | 3 | 450 |
| 2 | 1 | n/a | 5 | n/a | 5 |
| 3 | 1 | n/a | 5 | n/a | 5 |
| 4 | 3 | 15 | 5 | 3 | 675 |

---

[4] 2 categories x 15 accused products x 5 patents in suit x 3 defendants = 450 interrogatories.

Honorable Joel A. Pisano, U.S.D.J.
August 27, 2009
Public Version Dated: September 3, 2009
Page 6

| Numbered Interrogatory | Facts, People, Documents | Accused Products | Patents-in-Suit | Defendants | Total |
|---|---|---|---|---|---|
| 5 | 3 | 15 | 5 | n/a | 225 |
| 6 | 3 | 15 | 5 | n/a | 225 |
| 7 | 3 | n/a | 5 | 3 | 45 |
| 8 | 1 | n/a | 5 | n/a | 5 |
| 9 | 1 | n/a | n/a | n/a | 1 |
| 10 | 1 subpart for each allegation of complaint (*Dura Global*) | | | | 45 |
| 11 | 3 | n/a | n/a | n/a | 3 |
| 12 | 1 subpart for each document to be used at trial (*Dura Global*) | | | | 100's |

TOTAL = 1,685 + 100's

## CONCLUSION

For the foregoing reasons, Plaintiff LG respectfully requests that the Court enforce the interrogatory limits agreed upon by the parties in the joint discovery plan and limit the Defendants to 35 interrogatories.

Respectfully submitted,

*/s/ David E. Moore*

David E. Moore (#3983)

DEM/nmt/931762/33618

Enclosures
cc:   Clerk of Court (via Hand Delivery w/enclosures)
      Counsel of Record (via CM/ECF & Electronic Mail w/enclosures)

## TABLE OF EXHIBITS

Exhibit A is a true and correct copy of Defendants' First Set of Interrogatories (Nos. 1-12) to Plaintiff served on July 8, 2009.

Exhibit B is a true and correct copy of Plaintiff's Objections to Defendants' First Set of Interrogatories served on August 24, 2009.

Exhibit C is a true and correct copy of the email communications among parties with respect to Defendants' Interrogatories to Plaintiff.

Exhibit D to this declaration is a true and correct copy of Order No. 134 issued in *Stamps.com Inc., v. Endicia, Inc. et al.*, before the U.S. District Court for the Central District of California, Case No. 06-7499, 2009 WL 2576371 (C.D. Cal. May 21, 2008).

Exhibit E is a true and correct copy of Order No. 288 issued in *Dura Global Tech. Inc. v. Magna Donnelly Corp.*, before the U.S. District Court for the Eastern District of Michigan, Case No. 07-10945.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 3, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 3, 2009, the attached document was Electronically Mailed to the following person(s):

Rodger D. Smith II
Andrew C. Mayo
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
rsmith@mnat.com
amayo@mnat.com

Mark L. Whitaker
James M. Woods
Brian K. Andrea
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
whitakermark@howrey.com
woodsm@howrey.com
andreab@howrey.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

902697 / 33618