

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

D. Fon Muttamara-Walker
Attorney at Law
Fmuttamara-walker@potteranderson.com
302 984-6135 Direct Phone
302 658-1192 Fax

September 15, 2009

**VIA ELECTRONIC FILING**

The Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Bldg.
 & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

RE: *LG Electronics, Inc. v. Asko Appliances, Inc. et al.*
C.A. No. 08-828-JAP (D. Del.)

Dear Judge Pisano:

On behalf of Plaintiff, LG Electronics, Inc. the undersigned counsel respectfully requests that the Court strike those portions of Defendants' Invalidity Contentions that do not comply with the Local Patent Rules. (L. Pat. R.)

Plaintiff has advised Defendants that the L. Pat. R. 3-3(c) requires that invalidity references be disclosed in "a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found." Although Defendants have disclosed charts corresponding to the patents-in-suit, exhibits 1-5 of their invalidity contentions, they also list over 250 references as prior art, and nearly 9000 pages of documents, that do not appear in the charts. Defendants argue that these references and documents are necessary background that provides "scope and content" to the asserted references, and otherwise caveat their disclosures, but admit the references are not relied upon for invalidity "at this time."

Plaintiff has attempted to persuade Defendants to withdraw the unnecessary and burdensome references, thorough investigation of which serves only to increase litigation costs and prejudice Plaintiff, but Defendants will not relent. Plaintiff has attempted to resolve this discovery dispute through correspondence and telephone conferences. Unfortunately, no agreement has been reached.

The Honorable Joel A. Pisano, U.S.D.J.
September 15, 2009
Page 2

Plaintiff respectfully requests, at the Court's convenience, to be heard by conference call to resolve this discovery dispute as well as the two other matters filed with the Court by letter brief concerning Defendants' expert disclosures and Defendants' interrogatories.

**Local Patent Rules**

The Federal Circuit encourages the development and use of patent rules "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro International Ltd. v. Monolithic Power Sys., Inc.* 467 F.3d 1355, 1364 (Fed. Cir. 2006).

New Jersey implemented local patent rules at the beginning of this year, and the parties agreed to adopt and be bound by the local patent rules in this case. Under these rules, the accused infringer is required to serve "Invalidity Contentions" within 45 days of receipt of Plaintiff's infringement contentions. When the rules are followed, both parties would be in possession of infringement and invalidity contentions, along with related documents, within two months of the initial scheduling conference and two weeks prior to the exchange of proposed terms and elements for claim construction.

The early disclosure of the competing contentions of each party is critical for the parties as well as the Court. In particular, Defendants benefit from receipt of infringement contentions under L. Pat. R. 3.1, which allows them to immediately focus their document production and reduce the cost of litigation. Similarly, full and fair disclosure of invalidity contentions under L. Pat. R. 3.3 benefits the Plaintiff's preparation for claim construction proceedings. Where invalidity contentions are late or incomplete, there is a direct impact upon the preparation for the subsequent deadlines established under the Court's Scheduling Order.

**Experience of Other Jurisdictions**

Although the New Jersey rules were only recently adopted, they were modeled upon and in some ways is an improvement over the local patent rules of other jurisdictions. For this reason, the experiences of other jurisdictions (when confronted with a failure to comply with the requirement for disclosure of invalidity contentions) may be informative.[1]

L. Pat. R. 3.3(a): Identification

Past experience shows that the failure to provide proper invalidity contentions can take many forms, and the courts have responded accordingly. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (applying a five factor test: unfair prejudice; length of delay; reason for delay; importance; and diligence when granting motion to

---

[1] Among those districts with local patent rules, the case law of one district may be granted persuasive authority in another district. *See Nike, Inc. v. Adidas America, Inc.*, 479 F. Supp 2d 644, 667 (E.D. Tex. 2007), *see also, STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004).

strike contentions). Some alleged infringers provide insufficient information or later seek to rely upon prior art not originally identified. Such attempts to use previously undisclosed references have been struck down. *See, Finisar Corp v. DirectTV Group, Inc.*, 424 F. Supp. 2d 896, 898 (E.D. Tex. 2006) ("This dispute brings into sharp focus the tension between the necessity for orderly and complete discovery on the one hand, and the natural desire of litigants to attain important tactical advantages by delaying disclosure of key elements of their case.") In other cases, alleged infringers, like Defendants here, supply an abundance of references, numbering in the hundreds, and in doing so seek to hide or otherwise mask the references they will use at trial. *Rambus Inc. v. Hynix Semiconductor Inc.*, 2008 WL 4104116 at *6 (N.D. Cal. Aug. 27, 2008)(J. Whyte: "It is hard for the court to imagine a legitimate basis for asserting more than two allegedly anticipating references and two or three obviousness combinations per claim.") Whether providing too much or too little, neither tactic follows the aim of the patent rules, which is to require specific identification of the prior art for invalidity.

    L. Pat. R. 3.3(b): Obviousness

Arising within the Northern District of California, the case of *Sick A.G. v. Omron Scientific Technologies Inc.*, 2007 WL 1223675 at *2 (N.D. Cal. Apr. 24, 2007) presents an analysis of Local Patent Rule 3-3 and the requirement for obviousness allegations to specifically identify each combination, and the motivation for making the combination:

> [T]he purpose behind the Patent Local Rules would still require explicit identification of each combination and corresponding motivation in this case. The Patent Local Rules are designed to force the parties to explicitly state their theories of the case and to adhere to those theories once disclosed. The danger here is that is will be difficult for the parties and the District Court to determine exactly which theories [Defendant] has stated, and it will be difficult to later force [Defendant] to adhere to those theories.

*See also, Saffran v. Johnson and Johnson, et al.*, 2:07cv0451 (E.D. Tex. Feb 24, 2009) (J.Ward: "The defendants' current 'Invalidity Contentions' are an attempt to end run the rules. They do not specifically identify combinations of references that the defendants anticipate using at trial, and they include language purporting to make the contentions merely illustrative. The 'Invalidity Contentions' are therefore STRICKEN.")(emphasis in original).

    L. Pat. R. 3.3(c): Claim Charts

Through the use of claim charts, Invalidity Contentions correlate claim elements to references, for each element of each asserted claim, by pointing to the portion of the identified prior art reference (from 3.3(a)) or combination of references (from 3.3(b)). *See, Avago Technologies Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 951818 at *3 (N.D. Cal. Mar. 8, 2007)(Applying L.R. 3-3 to claim charts, and finding: "The charts identify specifically in each prior art reference the pages corresponding to the element of each asserted claim in accordance with 3-3(c), and the Patent Local Rules do not require anything beyond what

The Honorable Joel A. Pisano, U.S.D.J.
September 15, 2009
Page 4

[Defendant] has already provided."); *See also, Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148 (N.D. Cal. 2008)(following *Avago*).

**Defendants' Failure to Comply with Local Rules**

Defendants in this case have prepared and provided claim charts for each of the Plaintiff's five asserted patents. These charts are Defendants' Invalidity Contentions, Exhibits 1 - 5.

Apart from the claim charts, Defendants have also included separate lists of alleged prior art references. To begin, pages 3 to 11 of the submission provide a list of 143 U.S. Patents followed by a second list of 111 Foreign Patents / Publications (most of which are not in English) that together are designated as "Section I" and comprise nearly 9000 pages of document production (DEFENDANTS0000001 - DEFENDANTS0008821). Defendants explain, under the heading "II. New Jersey Local Patent rules 3.3(B) and (C)" of their Invalidity Contentions at page 14: "Each of the asserted claims of the Patents-in-Suit is anticipated by and/or obvious in view of one or more items of prior art identified in Section I, alone or in combination" as if that were sufficient disclosure under those rules. Thereafter, only seven of those prior art references (Williams, Nishimura, Kabeya, Smith, Shiga, Imai & Heyder) actually appear as primary references in the claim charts.

Each set of claim charts is further prefaced with 33 references and the express reservation that "subject to revision after the Court construes the claims as a matter of law, Defendants identify the following prior art references to the [asserted] Patent as anticipatory pursuant to 35 U.S.C. §102 and/or obviating (alone or in combination) pursuant to 35 U.S.C. §103." In this manner, Defendants have sought to preserve the disclosure of their full and final invalidity contentions until after claim construction. The 33 references are divided into two groups, the first group appears in the charts, while the second grouping does not. The second group is preceded by this caveat: "The references listed below are background information relevant to the [number] Patent and the field of art. *Defendants may rely on this art as well in support of its invalidity contentions*" (emphasis added).

The charts themselves contain incomplete explanations of anticipation or obviousness, which are then further disclaimed as being "merely exemplary" and "not exhaustive," whereby Defendants intend to supplement them as necessary with this caveat from page 14 of their Invalidity Contentions:

> Defendants have attached charts identifying examples of prior art that anticipates and/or renders obvious each of the Patents-in-Suit in Exhibit 1 (the '382 Patent), Exhibit 2 (the '716 Patent), Exhibit 3 (the '363 Patent), Exhibit 4 (the '424 Patent), and Exhibit 5 (the '843 Patent)(collectively the "Invalidity Charts"). *The combinations of references demonstrating the obviousness of the Patents-in-Suit under 35 U.S.C. §103 are merely exemplary and are not intended to be exhaustive. Additional obviousness combinations of the prior art references identified herein are possible, and Defendants reserve the right to rely on any such combination(s) in this litigation.* (emphasis added).

Moreover, the heading for Defendants' charts for the use of the Kabeya reference lists four variations of the reference which, in their footnote 1 at page 47, is defended as "Defendants contend that the Kabeya '298, Kabeya '647, Kabeya '212, and Kabeya '456 references each invalidate the claims of the '382 Patent. Because the disclosure of each of the four references is similar, however, the citations below are to the translation of Kabeya '298." Not only does L. Pat. R. 3.4(b) require an English translation to be produced for any cited reference, Defendants appear uncertain as to the contents of each and therefore wish to disclose all forms of Kabeya as a precaution, but translate and cite to only one: Kabeya '298. This is improper, and therefore only Kabeya '298 should be considered fully disclosed.

Defendants also broadly allege the prior use or sale of a machine, the "Fisher & Paykel" as prior art "under §§102(a) and/or (b)/35 U.S.C. §103" but do not further identify "the item offered for sale or publicly used or known, the date the offer or use took place, or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known" as required by L. Pat. R. 3.3(a). The disclosures Defendants do make concerning this machine are inconsistent with regard to the model numbers and dates of publication, therefore making the disclosure vague and incomplete. Defendants themselves readily admit that third-party discovery will be necessary to confirm the first public use of this machine. Footnote 3, page 12, provides: "For example, Defendants are pursuing subpoenas for Whirlpool (including Maytag), General Electric, Sears, Samsung, and Bosch. Defendants will supplement these Preliminary Invalidity Contentions when Defendants have had the opportunity to obtain and analyze any additional information that they obtain from these companies." Notwithstanding the fact that Plaintiff had not received copies of any third-party subpoenas to these manufacturers prior the due date for Defendants' Invalidity Contentions, therefore casting doubt upon Defendants' diligence in pursuit of this information, the bold declaration of a right to supplement is directly contrary to the provisions of L. Pat. R. 3.7, which requires "leave of Court to amend contentions."

Finally, although L. Pat. R. 3.3(d) expressly requires that Defendants set forth any "grounds" of invalidity based upon §101 or §112(1) or §112(2), they provide only a partial list of claims without any detailed description of how the specification fails under any legal test, or the "person of ordinary skill in the art" who was unable to understand the invention as described in the patent. Defendants' list serves as little more than a placeholder from which a much more detailed argument will likely spring forth and in the meantime providing Plaintiff with as little as possible in terms of notice or explanation.

**Proposed Remedy and Future Amendments**

The local patent rules do not specify what remedial action should be taken for failure of a party to comply. However, because the rules are essentially case management/discovery orders and the deadlines for submission of contentions were expressly stated in the Court's Order (D.I. 14), the Court may impose any reasonable remedy for failure to obey. *O2 Micro*, 467 F.3d at 1363 (including "refusing to allow the disobedient party to support or oppose designated

claims or defenses, or prohibiting that party from introducing designated matters in evidence"). *See, e.g., ATD Corp. v. Lydall, Inc.*, 159 F.3d 534 (Fed. Cir. 1998) (exclusion of invalidity evidence not abuse of discretion); *MGM Well Services, Inc. v. Mega Lift Systems, LLC*, 2007 WL 433283 (S.D.Tex. Jan. 24, 2007) (excluding evidence for patent rule violations); *In re Omeprazole*, 2002 WL 287785 (S.D.N.Y. Feb. 27, 2002) (excluding opinion testimony on prior art not properly identified during discovery).

The remedy that Plaintiff LG Electronics seeks is that Defendants be restricted to their Invalidity Charts, submitted as Exhibits 1 - 5, and the information contained within the rows and columns of cells they prepared and disclosed. All other extraneous matter should be stricken. Specifically, no use may be made of the other alleged prior art references that do not also appear within the Invalidity Charts themselves. This includes the "Section I" listing of 143 U.S. Patents followed by 111 Foreign Patents / Publications; as well as the second grouping within the 33 other references preceding each set of their Invalidity Charts.

This remedy is reasonable, as Defendants themselves admitted during the meet & confer process, the cited list of references are relevant for "scope and content" rather than invalidity. In their own words:

> While Defendants do not contend at this time that every reference listed on pages 3-13 that is not included in Exhibits 1-5 invalidate the Asserted Claims of the Patents-in-Suit, Defendants reserve the right to supplement their Contentions as necessitated by continuing factual discovery, claim construction proceedings, or PTO proceedings. Furthermore, Defendants note that the references listed on pages 3-13 of Defendants' Contentions are relevant to any analysis regarding the scope and content of the prior art. *See*, Letter of Howrey attorney Mr. J. Michael Woods dated September 8, 2009.

Further, Plaintiff requests that Defendants be cautioned that these Invalidity Contentions are fixed subject to leave to amend granted for good cause under L. Pat. R. 3.7. *Avago Technologies Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 951818 at *3 (N.D. Cal. Mar. 8, 2007)(Applying L.R. 3-3 to claim charts, and cautioning "defendants will not be able to shift their theories without proper notice or without the Court deeming the amendment non-prejudicial). *See also, O2 Micro International Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (affirming district court's refusal to allow amendments to contentions).

Finally, with regard to Defendants' grounds for invalidity under 35 U.S.C. §§101, 112(1) and 112(2), their disclosure provides no details as to the basis of opinion for any person of ordinary skill in the art who examined the patents, or why the patent specifications are lacking under any particular legal theory. Plaintiff asks that any future effort on the part of Defendants to expound upon these defenses be limited to the information presently found within their disclosed Invalidity Contentions, subject to leave of Court to amend.

The Honorable Joel A. Pisano, U.S.D.J.
September 15, 2009
Page 7

**Conclusion**

Defendants' listing of hundreds of alleged prior art references, while simultaneously only charting seven primary references, is clearly an improper attempt to preserve flexibility to maneuver within their position should later discovery or expert opinion differ from their present theories or contentions. The patentability of a claim in view of an alleged prior art reference is derived after diligent search, not upon document production or other discovery. Invalidity contentions attack a fixed patent and are based upon the known art as it existed before the application, and should not be contingent upon some future analysis or need to evade infringement by the accused product. Allowing Defendants to continue to obscure their arguments for invalidity until a later stage of the litigation serves no legitimate purpose. Plaintiff therefore requests that Defendants be held to the Invalidity Charts they disclosed, and nothing more.

    Respectfully submitted,

    */s/ D. Fon Muttamara-Walker*

    D. Fon Muttamara-Walker (#4646)

FMW/nmt/931049/33618

Enclosures
cc:    Clerk of Court (via Hand Delivery)
       Counsel of Record (via CM/ECF & Electronic Mail)