
Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
302 984-6135 Direct Phone
302 658-1192 Fax

November 2, 2009

**VIA ELECTRONIC FILING**

The Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Bldg.
  & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> RE:  *LG Electronics, Inc. v. Asko Appliances, Inc. et al.*
> C.A. No. 08-828-JAP (D. Del.)

Dear Judge Pisano:

During the Hearing on October 15, 2009, the Court instructed the parties to submit a draft Order reflecting the agreement reached on the record. Because the parties have not yet agreed, and Defendants have chosen to submit a draft Order unilaterally, Plaintiff now responds with its own version of a draft Order.

A complete copy of the official transcript from that hearing is attached as Exhibit A. Beginning on page 14, lines 10-12, the Court expresses a lack of understanding as to "how the information being sought is really any different than the information that you'd have to give in complying with local rule 3.1" In response, Plaintiff explained and offered: "If defendants would accept our infringement contentions, which we have already served, as full satisfaction of those interrogatories, then we don't have a dispute." Page 15, lines 19-21. Defendants counter-offered that, in addition to Plaintiff's infringement contentions served on July 17th, and admittedly above and beyond the requirement of L.Pat.R. 3.1, they wanted only two things: (1) Plaintiff to identify the documents they intend to rely upon, and (2) to keep it updated. *See*, Page 16, line 1 to Page 17, line 9. Then, on Page 17, at line 20, the Court concluded the dispute and summarized the agreement, on the record, with the parties consent:

> THE COURT: So what you're telling me here is that really what's in
> dispute is you want them to identify which documents they're going to rely
> upon in support of which infringement claims?
>
> MR. WHITAKER: Yes, your Honor.

The Honorable Joel A. Pisano, U.S.D.J.
November 2, 2009
Page 2

>THE COURT: And I would expect the opposition to that -- first of all, is there an opposition to that?
>
>MR. CROCKER: Not really, your Honor. I think we can resolve -- we can give them a list of documents.
>
>THE COURT: So ordered. You can send in an order that says that and include in it a recognition that everybody's obligated under the Federal Rules of Civil Procedure to continually supplement their disclosures to the extent.
>
>MR. WHITAKER: That ruling will ascend to all of the other interrogatories, the other 11 that are in dispute?
>
>THE COURT: I thought that was it?
>
>MR. CROCKER: So did I, your Honor.
>
>THE COURT: I thought that was it. Fine, send in an appropriate order. That takes care of that pile.

Further, and although no Order has yet issued with a specific deadline, Plaintiff is already in compliance and has provided Defendants with the list of supporting documents, as requested and agreed, which is attached as Exhibit B. Plaintiff further recognizes its duty to continually supplement this disclosure, as required by the Federal Rules of Civil Procedure.

Despite the clarity of the transcript, Defendants continue to want more than is required by the Rules or that was agreed on the record. Consequently, attached as Exhibit C is the draft Order Plaintiff originally submitted to Defendants, which they rejected, but which plainly follows the agreement as recorded on the transcript.

In conclusion, Plaintiff requests that the Court enter the proposed Order filed contemporaneously herewith, which is identical to the daft Order originally submitted to Defendants.

Respectfully submitted,

/s/ David E. Moore

David E. Moore (#3983)

DEM/nmt/940136 / 33618

cc:   Clerk of Court (via Hand Delivery)
      Counsel of Record (via CM/ECF)