

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
302 984-6135 Direct Phone
302 658-1192 Fax

November 13, 2009

**VIA ELECTRONIC FILING**

The Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Bldg.
  & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      RE:   *LG Electronics, Inc. v. Asko Appliances, Inc. et al.*
             C.A. No. 08-828-JAP (D. Del.)

Dear Judge Pisano:

     This firm, together with Holland & Knight LLP and Sterns & Weinroth, represent Plaintiff LG Electronics, Inc. ("LG") in connection with the above referenced action. On behalf of LG, we write to respectfully seek the Court's assistance concerning an ongoing discovery dispute between the parties; a dispute which LG believed had been fully and finally resolved by Your Honor during the October 15, 2009 hearing and subsequent written order entered on November 4, 2009 (D.I. 134).

     Defendants now assert that unless LG meets their renewed and unsupported demands, they will seek sanctions from the Court.

     At the hearing on October 15, 2009, counsel for LG expressed concern that Defendants would not be satisfied with LG's compliance under the Local Patent Rules, but would continue to press for more than is required by those Rules. *See* Transcript 15:12-21 (Tab A).

> THE COURT: Then what's the problem? Why are we going through this exercise?
>
> MR. CROCKER: Because I don't think defendants are satisfied with our compliance with Rule 3.1. We've given our infringement contentions, they want more. They want those interrogatories answered in addition to the infringement contentions, and they'd like the answers broken down by each

The Honorable Joel A. Pisano, U.S.D.J.
November 13, 2009
Page 2

> defendant, by each patent, by facts, people, documents and
> elements within each of those sets. That's the multiple.
> If defendants would accept our infringement
> contentions, which we already served as full satisfaction of
> those interrogatories, then we don't have a dispute.

Following the hearing, the parties still could not agree, and after an exchange of letters, the Court entered an Order on November 4, 2009 (D.I. 134)(Tab B), which reiterated the agreement at the hearing and should have resolved the dispute. The language of the Order tracks the stipulation of counsel made on the record. *See* Transcript 17:20-24 (Tab A).

> THE COURT: So what you're telling me here is that
> really what's in dispute is you want them to identify which
> documents they're going to rely upon in support of which
> infringement claims?
>
> MR. WHITAKER: Yes, Your Honor.

Nevertheless, on November 5th and 6th, 2009, local counsel for Defendants sought reconsideration of the Order first by letter, and then by teleconference. Defendants now summarize their understanding of the Court's oral instructions during that teleconference by a new letter to LG dated November 12, 2009 (Tab C). LG, in good faith, is unable to reconcile the hearing transcript and the Court's written Order with what Defendants now claim is required of LG in responding to Defendants' interrogatories. The issues raised by Defendants' letter are as follows:

First, L.Pat.R. 3.1 includes no requirement for a list of supporting documents. Defendants acknowledge this, but asked for such a list in fulfillment of their interrogatories. During the hearing, LG agreed to provide such a list, in the spirit of compromise, and to resolve the discovery dispute. The agreement was noted on the record, and so ordered. *See* Transcript 18:4. *See also*, Order (D.I. 134). Defendants' letter of November 12, 2009, second paragraph, now claims the list of documents provided by LG is deficient for failure to provide a list of documents "for **each element of each asserted claim**..."(emphasis in original)(Tab C) and recite their Interrogatory No. 1 as authority for their position. Despite their representations at the hearing, in this letter Defendants return to their demand for documents to be broken down not just by claim, but for each element of the claim. This is not what was requested or agreed at the hearing. *See* Transcript (Tab A). This is not found in the written Order of the Court (D.I. 134)(Tab B). This is of Defendants' own construction.

Second, Defendants' letter, first paragraph, quotes the Court's verbal instructions made during the November 6, 2009 teleconference to be nothing more than "answer the interrogatories" with a deadline of Monday, November 16, 2009 (emphasis in original)(Tab C). In contrast, LG understood from the Court's instructions, as well as from comments on the record, that LG was to respond consistently with the Local Patent Rules, as well as the Federal

Rules of Civil Procedure. This would include, specifically, that Interrogatory No. 1, would be met by LG's infringement contentions under L.Pat.R. 3.1, and a list of documents. LG should similarly respond to each subsequent interrogatory, to the extent a response was not already provided under the Local Patent Rules, and in accordance with Rule 33 of the Federal Rules of Civil Procedure. The Court was very clear on this point at the hearing, and specifically overruled Defendants' argument for any waiver of LG's right to respond. *See* Transcript 21:8-15.

Third, LG has been overt and conscientious regarding the issues created by Defendants' use of interrogatories, and has repeatedly offered compromise and concessions in an effort to resolve these discovery disputes out of court. LG respectfully submits that there is simply no legal or factual basis to support the imposition of sanctions against LG as a result of LG's efforts to meet its obligations following the hearing and the Court's Order. Nevertheless, in Defendants' letter, paragraph 3, they make clear that they will seek sanctions should LG not respond to their unreasonable, and indeed unsupported demands.

Consequently, although LG would have thought the Court's instruction at the hearing to be sufficient, and if not, then certainly by the written Order (D.I. 134), we find that Defendants remain unconstrained in their assertions. LG therefore respectfully requests the Court issue another written Order, so as to remove Defendants' lingering uncertainty and any ambiguity. A proposed draft Order is enclosed for the Court's consideration.

Respectfully submitted,

*/s/ David E. Moore*

David E. Moore (#3983)

DEM/nmt/942417 / 33618

cc:   Clerk of Court (via Hand Delivery)
      Counsel of Record (via CM/ECF)