**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LG ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ASKO APPLIANCES, INC. f/k/a AM | ) | C.A. No. 08-828 9(JAP) |
| APPLIANCE GROUP, INC.; ASKO | ) | |
| APPLIANCES AB; DAEWOO | ) | |
| ELECTRONICS CORP., DAEWOO | ) | |
| ELECTRONICS AMERICA, INC., and | ) | |
| DIGITAL SYMPHONY CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LG ELECTRONICS, INC.'S MEMORANDUM IN SUPPORT OF
<u>MOTION FOR BIFURCATION</u>**


January 15, 2010

OF COUNSEL:

HOLLAND & KNIGHT
Jon B. Crocker
Sunwoo Lee
Victoria D. Hao
2099 Pennsylvania Avenue NW, Ste. 100
Washington, D.C. 20006

   -and-

STERNS & WEINROTH
Karen A. Confoy
Erica S. Helms
50 W. State Street, Ste 1400
P.O. Box 1298
Trenton, NJ  08607-1298

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

Attorneys for Plaintiff,
LG Electronics, Inc.

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II. SUMMARY OF ARGUMENT .........................................................................................1

III. CONCISE STATEMENT OF FACTS ...............................................................................2

IV. ARGUMENT......................................................................................................................3

    A. Although bifurcation of patent infringement and antitrust counterclaims has been described as a "standard practice" by the Federal Circuit, the exercise of informed discretion requires an express rationale under the appropriate legal standards. ...................................................................................................................3

    B. Bifurcation pursuant to Rule 42(b) may be granted when conducive to expediency and economy when balanced against any prejudice to the non-moving party. ..........................................................................................................5

        1. Judicial Economy..............................................................................................5

        2. Expediency........................................................................................................5

        3. Lack of Prejudice ..............................................................................................6

    C. Bifurcation of any claim or issue must enhance the right to trial by jury................6

    D. Derivative State Law Claims are Preempted by Federal Law .................................9

    E. Stay of Related Discovery is Reasonable for Efficiency and to Avoid Unnecessary Litigation Expense.............................................................................10

V. CONCLUSION.................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**STATUTES**

Fed. R. Civ. P. 42(b) ...............................................................................................3, 5, 6, 9, 10, 11


**CASES**

*ASM Am. Inc. v. Genus, Inc.*,
   2002 WL. 24444 (N.D. Cal. 2002) ..................................................................................3

*Barr Labs, Inc. v. Abbott Labs.*,
   978 F.2d 98 (3d Cir., 1992)........................................................................................4, 7, 8

*Beacon Theaters v. Westover*,
   359 U.S. 500 (1959)..........................................................................................................7

*C.R. Bard, Inc. v. M3 Systems, Inc.*,
   157 F.3d 1340 (Fed.Cir. 1998).......................................................................................... 4

*Cabinet Vision v. Cabnetware*,
   129 F.3d 595 (Fed.Cir. 1997)............................................................................................8

*Celgene Corp. v. Barr Lab., Inc.*,
   2008 WL. 2447354 (D.N.J. June 13, 2008) ..................................................................7, 8

*Climax Molybdenum Co. v. Molychem, L.L.C.*,
   414 F. Supp. 2d 1007 (D.Colo. 2005)...............................................................................3

*Daiichi Sankyo, Inc., v. Apotex, Inc.*,
   2009 WL. 1437815 (D.N.J.) *citing Semiconductor Energy Laboratory Co., Ltd. v.
   Samsung Electronics Co., Ltd.*, 204 F.3d 1368 (Fed.Cir. 2000)..............................10

*Eastern R.R. Presidents Conference v. Noerr Motor Freight*,
   365 U.S. 127, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961)........................................................4

*Hensley Equip. Co. v. Esco Corp.*,
   383 F.2d 252 (5th Cir. 1967) ...........................................................................................10

*Hewlett-Packard Co. v. Genrad, Inc.*,
   882 F.Supp 1141, 158 (D.Mass. 1995) .............................................................................7

*Hunter Douglas, Inc. v. Comfortex Corp*,
   44 F. Supp. 2d 145 (N.D.N.Y. 1999)...............................................................................10

*Idzojtic v. Pennsylvania R.R. Co.*,
   456 F.2d 1228 (3d Cir. 1972)..................................................................................................3

*In re Innotron Diagnostics*,
   800 F.2d 1077 (Fed.Cir. 1986)..............................................................................................3

*Lis v. Robert Packer Hospital*,
   579 F.2d 819 (3d Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 346
   (1978)....................................................................................................................................4

*Professional Real Estate Investors v. Columbia Pictures Indus., Inc.*,
   508 U.S. 49, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993)............................................................4

*Shum v. Intel Corp.*,
   499 F.3d 1272 (Fed.Cir. 2007)..........................................................................................7, 8

*United Mine Workers of Am. v. Pennington*,
   381 U.S. 657, 85 S. Ct. 1585, 14 L. Ed. 2d 626 (1965)..............................................................4

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
   382 U.S. 172, 86 S. Ct. 347, 15 L. Ed. 2d 247 (1965)......................................................4, 5, 8


**UNPUBLISHED DECISIONS**

*Abraxis Bioscience v. Navinta, LLC.*,
   Civil Action No. 07-1251 (JAP) (D.N.J. Dec. 22, 2000).....................................................9, 10

*Eurand Inc. v. Mylan Pharm. Inc. et al.*,
   Civ. No. 08-889-SLR (D.Del., Oct 1, 2009)...........................................................................9

*Fiber Systems Int'l., Inc. v. Applied Optical Systems, Inc.*,
   Case No. 2:06-CV-473 (TJW) ............................................................................................3, 7


**MISCELLANEOUS**

8 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE §42.20[5][a](3d ed. 2008) ...................3

This is a patent infringement action between direct competitors. LG Electronics, Inc. ("LG") alleges that Daewoo Electronics Corp. manufactures "knock-offs" of patented LG designs and sells them in the United States through intermediaries with third-party retail branding. Defendants have responded and sought declaratory judgment that each of the asserted patents is non-infringed and invalid. Three of the five defendants, Daewoo Electronics Corp. ("Daewoo"), Daewoo Electronics America, Inc. ("DEAM") and Digital Symphony Corp. ("DSC"), additionally asserted counter-claims of violations of federal antitrust law, D.C. code and common law.

## I. NATURE AND STAGE OF PROCEEDINGS

Defendants filed answers (D.I. 155-159) on January 4, 2010 which assert equitable defenses and declaratory judgment of non-infringement and invalidity,[1] Three of the five defendants, Daewoo Electronics Corp. ("Daewoo"), Daewoo Electronics America, Inc. ("DEAM") and Digital Symphony Corp. ("DSC"), additionally asserted counter-claims alleging violations of federal antitrust law, the District of Columbia Code and common law.

## II. SUMMARY OF ARGUMENT

Bifurcation of claims or issues for separate trial is appropriate under the circumstances of this case, and may be granted in the exercise of informed discretion. Consideration of the various factors favors bifurcation in furtherance of expediency and judicial economy without prejudice to the non-moving party. Most importantly, bifurcation will enhance the parties' right to trial by jury by making the issues the jury must consider less complex.

---

[1] Answers of Defendant Daewoo, Defendant ASKO Appliances Inc. and Defendant ASKO Appliances A.B. were filed late - at least seven days past the period to respond under the Federal Rules of Civil Procedure.

1

### III.   CONCISE STATEMENT OF FACTS

The Court previously considered LG's motion to dismiss Defendant Daewoo' counterclaims counts IV-XI for failure to allege fraud with particularity.

At a status conference held on December 15, 2009, Defendants advised there was a potential need for expanded discovery to support Defendants' counterclaims (a 50% increase in party depositions under Rule 30(b)(1) and an unspecified increase in third-party depositions). LG responded that the parties could bifurcate the counterclaims, rather than incur the additional litigation expense, and Defendants stated their need to consult with their clients.

After meet and confer teleconferences held on December 18, 2009 and January 8, 2010, Defendants confirmed their opposition to bifurcation.

On January 4, 2009, Defendants Daewoo, DEAM and DSC respectively assert:

- violations of the Sherman Act §2 (Counterclaim Count IV);

- monopolization under the District of Columbia Code (Counterclaim Count (Counterclaim Count V);

- violations of the District of Columbia Consumer Protection Procedures Act (Counterclaim Count VI);[2]

- acts of common law unfair competition (Counterclaim Count VII);[3]

- acts of fraud and intentional/negligent misrepresentation (Counterclaim Count VIII); and

---

[2] Each of defendants Daewoo, DEAM and DSC alleges "this [consumer protection violation] action on behalf of itself as well as on behalf of the citizens of the District of Columbia." (Paragraph 140 of D.I. 157, D.I. 158 and D.I. 159.)

[3] Each of defendants Daewoo, DEAM, and DSC cites to a D.C. case and alleges injury to residents of the District of Columbia. (*See* paragraphs 148 and 153 of D.I. 157, D.I. 158 and D.I. 159.)

2

- acts of tortious interferences with prospective business advantage (Counterclaim Count IX).

## IV.   ARGUMENT

### A.   Although bifurcation of patent infringement and antitrust counterclaims has been described as a "standard practice" by the Federal Circuit, the exercise of informed discretion requires an express rationale under the appropriate legal standards.

Over time, the bifurcation of patent infringement and antitrust claims has become so routine that the Federal Circuit dicta has described the bifurcation of patent infringement and antitrust claims as "standard practice" in patent cases. *See In re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed.Cir. 1986) ("The district court noted cases reflecting the now-standard practice of separating for trial patent issues and those raised in an antitrust counterclaim. Abbott has cited twenty-three of those cases from eight regional circuits.") [4]  Some district courts with heavy patent dockets will bifurcate antitrust counterclaims *sua sponte*. *Fiber Systems Int'l., Inc. v. Applied Optical Systems, Inc.,* Case No. 2:06-CV-473 (TJW) at *7,(E.D.TX, Oct. 26, 2009) ("The court finds that the trial of the antitrust counterclaim in this patent infringement suit poses a significant risk of confusion for the jury. Therefore, the court *sua sponte* orders a separate trial of [defendant's] antitrust counterclaim.").[5]  *See also*, 8 James Wm. Moore *et al.*, MOORE'S

---

[4] In addition, *see, e.g. Climax Molybdenum Co. v. Molychem, L.L.C.,* 414 F. Supp. 2d 1007, 1013-14 (D.Colo. 2005) ("[D]istrict courts often order separate trials of patent and antitrust claims."); *ASM Am. Inc. v. Genus, Inc.,* 2002 WL 24444, at *6 (N.D. Cal. 2002) ("It is common practice in federal court to stay antitrust counterclaims until after the trial of the invalidity issue.").

[5] A copy of the referenced decision is attached as Exhibit A.

3

FEDERAL PRACTICE §42.20[5][a](3d ed. 2008) (courts have broad discretion to bifurcate claims and may act *sua sponte*).[6]

In the Third Circuit, which follows Fed. R. Civ. P. 42(b) to govern requests for bifurcation as a matter of judicial discretion, s*ee Idzojtic v. Pennsylvania R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972) (decision to bifurcate is within the discretion of the trial judge to be decided on case-by-case basis); *Lis v. Robert Packer Hospital*, 579 F.2d 819, 824 (3d Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 346 (1978).  Following *Lis,* to exercise "informed discretion" the trial court must support its decision to bifurcate with reasons demonstrating that it "exercised discretion informed by standards appropriate to the circumstances of the case." *Barr Labs, Inc. v. Abbott Labs.,* 978 F.2d 98, 115 (3d Cir., 1992).

In patent infringement cases between competitors, a common defense tactic, beyond asserting non-infringement and invalidity, is to allege monopolistic behavior by the patentee.  To overcome *Noerr-Pennington* immunity,[7] the allegations made against the patentee are generally one of two types, either: (1) sham litigation;[8] or (2) fraud on the USPTO.[9]  Here, each of Defendants Daewoo, DEAM and DSC has elected to allege *Walker Process* fraud.

---

[6] A copy is the reference attached as Exhibit B.

[7] The *Noerr-Pennington* doctrine conveys immunity from antitrust liability.  *See Eastern R.R. Presidents Conference v. Noerr Motor Freight*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), and *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).

[8] In other words, the patent enforcement litigation is itself a sham and not supported by any proper factual or legal basis.  *Professional Real Estate Investors v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 57, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993).  A suit brought with knowledge that the patent is either invalid or not infringed, and conducted for anti-competitive purposes, is sham litigation.  *C.R. Bard, Inc. v. M3 Systems, Inc.* 157 F.3d 1340, 1368 (Fed.Cir. 1998).

[9] For example, where the patentee "obtained the patent by knowingly and willfully misrepresenting facts to the Patent Office," *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965) (hereinafter "*Walker Process* fraud").

4

Defendants' allegations of equitable defenses and counterclaims for antitrust and various state law claims add unnecessary complexity and warrant bifurcation.

### B.     Bifurcation pursuant to Rule 42(b) may be granted when conducive to expediency and economy when balanced against any prejudice to the non-moving party.

Fed. R. Civ. P. 42(b) provides the general legal standards for bifurcation of a civil case. Among the factors listed for consideration under the rule are judicial economy and the expeditious resolution of disputes.

#### 1.     Judicial Economy

Judicial economy is so frequently recited as justification for bifurcation because of the mutually exclusive nature of issues of patentability and monopolistic behavior. Having determined that an asserted patent claim is both valid and infringed, further consideration of antitrust allegations is moot. Any time devoted to antitrust counterclaims is wasted and irrelevant in the presence of a valid and infringed patent claim. Judicial economy of time and resources is best preserved by a focused concern over issues of claim validity and infringement before turning to antitrust allegations or other claims arising from the methods of patent enforcement.[10]

#### 2.     Expediency

The preference for an expeditious resolution of disputes also favors bifurcation where dispositive issues, such as validity and infringement, may be fully investigated and tried without regard to the bifurcated claims. The parties jointly stipulated to a discovery plan and schedule (D.I. 14 and 147). Defendants have admitted that their counterclaims will require additional

---

[10] The converse is not true, since a finding of patent claim invalidity or noninfringement does not necessarily result in an antitrust violation because a patent claim may be found invalid under circumstances that would not support knowing and willful *Walker Process* fraud, or the lower standards for inequitable conduct.

5

party depositions, and well as an unspecified number of third-party depositions, not to mention document production, interrogatories, and requests for admission. Not only will this additional discovery result in increased litigation costs and attorney fees, and resulting delay, but the added expenses may prove wholly unnecessary after resolution of the patent claims for validity and infringement.

### 3. Lack of Prejudice

Full and fair consideration under Fed. R. Civ. P. 42(b) also requires a balancing of any potential prejudice to the non-moving party. Since the principal effect of bifurcation is delay, rather than alteration of any substantive right, the Court must weigh any adverse impact to Defendants as result of delay to their counterclaims.

In this case, Defendants have demonstrated they will not suffer any prejudice due to delay of their counterclaims. At no time did Defendants bring the merits of their counterclaims as an independent suit, but only in response to the Complaint filed by LG on November 5, 2008. (D.I. 1). Daewoo's response to the Complaint was to avoid service of process under the Hague Convention, and was only brought to this Court when their attorneys were ordered to accept service six month later. (D.I. 67). Defendants then asked the Court to stay this case pending the outcome of reexamination proceedings that they initiated at the USPTO (immediately after the Complaint) and which admittedly may take years to fully resolve. It is clear that Defendants are in no hurry to have their claims adjudicated and therefore would not be harmed by any delay due to bifurcation.

### C. Bifurcation of any claim or issue must enhance the right to trial by jury.

The exercise of informed discretion requires not only "a careful balancing of considerations of convenience, avoidance of prejudice, and efficiency," but also must include the

protection of Constitutionally-guaranteed rights. *Celgene Corp. v. Barr Lab., Inc.,* 2008 WL 2447354, *1 (D.N.J. June 13, 2008) (hereinafter, "*Celgene*") *citing Shum v. Intel Corp.,* 499 F.3d 1272 (Fed.Cir. 2007); *Beacon Theaters v. Westover*, 359 U.S. 500, 510-11 (1959).

Many courts have tied their rationale in favor of bifurcation to simplifying issues for the jury. *See Fiber Systems Int'l., Inc. v. Applied Optical Systems, Inc.,* Case No. 2:06-CV-473 (TJW) at *7 (E.D.TX, Oct. 26, 2009) ("The court finds that the trial of the antitrust counterclaim in this patent infringement suit poses a significant risk of confusion for the jury.); *Hewlett-Packard Co. v. Genrad, Inc.,* 882 F. Supp 1141, 158 (D.Mass. 1995) ("Antitrust issues are complex…raise different issues and proof. Bifurcation therefore serves the interest of avoiding jury confusion."); *Barr Labs, Inc. v. Abbott Labs.,* 978 F.2d 98, 115 (3d Cir., 1992) ("The district court ultimately determined that bifurcation would prove beneficial by enhancing juror comprehension of the complex issues presented, and by excluding the presentation of lengthy evidence, some portion of which would inevitably become irrelevant upon definition of the relevant market."). The *Celgene* decision further recognizes that the right to a jury trial must not be defeated by the sequence in which bifurcated claims are heard.

In this case, Defendants assert as their Eighth Affirmative Defense that the patents are unenforceable due to inequitable conduct before the USPTO (D.I. 155-159). This defense is derived from the unclean hands doctrine and is equitable in nature. *Celegene* at *4, *citing Gardco Mfg., Inc. v. Herst Lighting Co.,* 820 F.2d 1209, 1212 (Fed. Cir. 1987). Following *Celgene,* the resolution of an equitable claim cannot precede a legal claim, where the relevant claims share common factual elements, without violation of the right to trial by jury. This means that Defendants' equitable claim, and Eighth Affirmative Defense, should occur after resolution of the legal claim with which it shares common factual elements.

That inequitable conduct and *Walker Process* counterclaims share factual elements is no reason to refuse bifurcation. *See Cabinet Vision v. Cabnetware*, 129 F.3d 595, 600 (Fed.Cir. 1997) ("We have long recognized that a *Walker Process* counterclaim and an affirmative defense of inequitable conduct share common factual elements"). This case is no different, and made clear by Defendants' Amended Answer which pleads, and further intertwines, the factual elements of their equitable affirmative defense with their antitrust counterclaims.[11]

Count III (Declaratory Judgment of Unenforceability) pleads that "LGE failed to comply with its duty of candor and good faith in dealing with the USPTO." ¶¶ 21-24 of D.I. 158.

Count IV (Sherman Act §2 Violation Based Upon Assertion of Fraudulently Procured Patents) where ¶ 26 of D.I. 158 "Daewoo realleges and incorporates herein the foregoing responses and allegations, including but not limited to the facts asserted in support of the Eighth Affirmative Defense."

Count V (Monopolization and/or Attempted Monopolization – DC Code && 28-4501 *et seq.*) where ¶ 129 of D.I. 158 "Daewoo realleges and incorporates herein the foregoing responses and allegations, including but not limited to the facts asserted in support of the Eighth Affirmative Defense."

Count VI (Violation of Consumer Protection Procedures Act)[of the District of Columbia] where ¶ 138 of D.I. 158 "Daewoo realleges and incorporates herein the foregoing

---

[11] The fact that Defendants have inextricably interwoven common factual elements with their antitrust claims is not a bar to bifurcation, *Barr Labs, Inc. v. Abbott Labs.*, 978 F.2d 98, 115 (3d Cir. 1992) ("The district court expressly rejected Barr's argument that the relevant product market issue was inextricably interwoven with the issues on the merits of Barr's antitrust claims") but it does operate to ensure that resolution of the equitable claims must not precede a bench trial that would resolve factual issues underlying the legal claims. *Celegene* at *4 applying *Shum*.

responses and allegations, including but not limited to the facts asserted in support of the Eighth Affirmative Defense."

Count VII (Common Law Unfair Competition) where ¶ 146 of D.I. 158 "Daewoo realleges and incorporates herein the foregoing responses and allegations, including but not limited to the facts asserted in support of the Eighth Affirmative Defense."

Count VIII (Fraud and Intentional/Negligent Misrepresentation) where ¶ 154 of D.I. 158 "Daewoo realleges and incorporates herein the foregoing responses and allegations, including but not limited to the facts asserted in support of the Eighth Affirmative Defense."

Consequently, the Court should bifurcate the patent claims from the antitrust claims, and to further ensure that parties' right to jury trial is not impaired, the resolution of equitable claims should follow the resolution of the legal claims. "This conclusion is consistent with the view that bifurcation of antitrust claims and patent infringement claims are necessary to 'enhance the parties' right to trial by making the issues the jury must consider less complex'" *Abraxis Bioscience v. Navinta, LLC.* C.A. No. 07-1251 (JAP) *citing Warner Lambert v. Purepac Pharm. Co.,* 2000 WL 34213890, *11 (D.N.J. Dec. 22, 2000).[12]

### D.  Derivative State Law Claims are Preempted by Federal Law

In addition, many district courts (including Delaware) that grant motions for bifurcation of antitrust counterclaims will also bifurcate any related claims in order to preserve the goals of Fed. R. Civ. P. 42(b). *See Eurand Inc. v. Mylan Pharm. Inc. et al.,* Civ. No. 08-889-SLR (D. Del., Oct 1, 2009) ("Thus, any economies derived from severing the antitrust issues from the case at bar would be minimized by failing to also sever the issues of patent misuse" *citing*

---

[12] A copy of the referenced decision is attached as Exhibit C.

*Hunter Douglas, Inc. v. Comfortex Corp*, 44 F. Supp. 2d 145, 156 (N.D.N.Y. 1999);[13] *Hensley Equip. Co. v. Esco Corp.* 383 F.2d 252, 261 (5th Cir. 1967).

In this case, Daewoo/DEAM/DSC presents as Count IX claims of tortious interference with prospective business advantage), which at ¶ 161 incorporates by reference the factual allegations of the antitrust counterclaim, "[b]y its conduct as detailed above (*see, e.g.,* paragraphs 90-104), LGE interfered with those relationships, present and future."

This counterclaim, although presented as a state law tort claim, alleges the same fraudulent conduct before the USPTO as alleged in counterclaims III-VIII. "State law tort claims are preempted by federal law if they are based upon nothing more than misconduct before the PTO." *Daiichi Sankyo, Inc., v. Apotex, Inc.* 2009 WL 1437815, *9 (D.N.J.) citing *Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.,* 204 F.3d 1368, 1382 (Fed.Cir. 2000).

### E. Stay of Related Discovery is Reasonable for Efficiency and to Avoid Unnecessary Litigation Expense

Many district courts, in addition to bifurcation of the antitrust counterclaims, also stay the related discovery in order to achieve the purposes of Fed. R. Civ. P. 42(b). *See, Eurand Inc. v. Mylan Pharm. Inc. et al.,* Civ. No. 08-889-SLR, *5 (D. Del., Oct 1, 2009) ("For the foregoing reasons, the court grants plaintiffs' motion to sever and stay discovery on defendants' antitrust and patent misuse counterclaims and related affirmative defense"). *See also, Abraxis Bioscience v. Navinta, LLC*. C.A. No. 07-1251 (JAP) ("Therefore, the Court grants Plaintiff's motion to bifurcate Defendant's Counterclaims VI through X, and to stay discovery as to those Counterclaims").

---

[13] A copy of the referenced decision is attached as Exhibit D.

The expenditure of thousands of hours devoted to interrogatories, document production, depositions, and resulting disputes arising from them may prove completely unnecessary. when the relevant issues are drawn from bifurcated claims with common factual elements.  Costly and burdensome discovery should not be allowed on issues that may never be tried at all.

**V.    CONCLUSION**

For the foregoing reasons, pursuant to Fed. R. Civ. P. 42(b) and to enhance the parties' right to trial by jury, Plaintiff respectfully requests bifurcation of Defendants' Counterclaims for antitrust violations, and those factually interwoven equitable claims and defenses, as well as all derivative state law and tort counterclaims.

| | |
|---|---|
| January 15, 2010 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Stephen B. Brauerman (sb4952) |
| | Richard D. Kirk (rk0922) |
| HOLLAND & KNIGHT | Stephen B. Brauerman (sb4952) |
| Jon B. Crocker | 222 Delaware Avenue, Suite 900 |
| Sunwoo Lee | P.O. Box 25130 |
| Victoria D. Hao | Wilmington, Delaware  19899 |
| 2099 Pennsylvania Avenue NW, Ste. 100 | rkirk@bayardlaw.com |
| Washington, D.C. 20006 | sbrauerman@bayardlaw.com |
| | (302) 655-5000 |
| -and- | |
| | Attorneys for Plaintiff, |
| STERNS & WEINROTH | LG Electronics, Inc. |
| Karen A. Confoy | |
| Erica S. Helms | |
| 50 W. State Street, Ste 1400 | |
| P.O. Box 1298 | |
| Trenton, NJ  08607-1298 | |