# Connell Foley LLP
### ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-0050

PHILADELPHIA OFFICE
1500 MARKET STREET
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
WILLIAM H. GRAHAM⁺
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*⁺
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN
JOHN K. BENNETT
PETER J. SMITH*
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY
TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF⁺
PATRICK J. HUGHES*⁺
JAMES C. MCCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER

WILLIAM T. MCGLOIN*
BRENDAN JUDGE
CHARLES J. HARRINGTON III⁺
DAREN S. MCNALLY*
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*⁺
MARC D. HAEFNER
JONATHAN P. MCHENRY
JAMES P. RHATICAN*⁺
MATTHEW W. BAUER*
BRAD D. SHALIT*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
BARBARA M. ALMEIDA*

COUNSEL
JOHN W. BISSELL
JOHN B. LA VECCHIA
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
STEVE BARNETT*
KARIN I. SPALDING*
JODI ANNE HUDSON*
CORNELIUS J. O'REILLY*
RICHARD A. JAGEN
NANCY A. SKIDMORE*
THOMAS M. SCUDERI*

ELIZABETH M. TRANTINA*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
ELIZABETH W. EATON
JOSEPH M. MURPHY
JASON E. MARX*
MICHAEL A. SHADIACK
OWEN C. MCCARTHY
PATRICIA A. LEE*⁺
DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
AGNES ANTONIAN*
BRYAN P. COUCH*
GREGORY E. PETERSON*
HECTOR D. RUIZ*
NEIL V. MODY*
ROBERT A. VERDIBELLO*
MICHAEL J. ACKERMAN*
MELISSA A. ZAWADZKI*
MEGHAN C. GOODWIN*
MATTHEW S. SCHULTZ*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
MATTHEW I. GENNARO*
DANIELA R. D'AMICO*
DANIA BILLINGS MURPHY*
CHRISTINE I. GANNON*

PHILIP W. ALLOGRAMENTO III*
CATHERINE G. BRYAN⁺
JAMES C. HAYNIE*
LAURIE B. KACHONICK*
MICHAEL D. RIDENOUR*
MEGAN M. ROBERTS*
ANDREW C. SAYLES*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
AARON M. BENDER
ANTHONY J. CORINO
WILLIAM D. DEVEAU*
DANIEL B. KESSLER*
CONOR F. MURPHY*
MEGHAN B. BARRETT*
RUKHSANAH L. LIGHARI
NICOLE B. DORY*
PATRICK E. DURING
CHRISTIAN J. JENSEN*
JOSEPH A. VILLANI, JR.*
LEE B. WILSON
ANDREW B. BUCKMAN
E. KEVIN VOLZ
BETH A. FERLICCHI
JENNIFER E. CONSTANTINOU
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI
MONICA SETH*
MELISSA D. LOPEZ
NEHA BANSAL

PLEASE REPLY TO ROSELAND, NJ

*ALSO ADMITTED IN NEW YORK
⁺ALSO ADMITTED IN PENNSYLVANIA

February 8, 2010 – Original Filing Date
February 22, 2010 – Redacted Filing Date

*VIA ELECTRONIC FILING*

The Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

   Re: *LG Electronics, Inc. v. ASKO Appliances, Inc., et al.*
      <u>C.A. No. 08-828-JAP (D. Del.)</u>

Dear Judge Pisano:

  I write on behalf of Defendants concerning Plaintiff LG Electronics, Inc.'s ("LGE") continued failure to properly respond to all of Defendants' First Set of Interrogatories, in contravention of your previous Orders. (D.I. 134, 138.) As Your Honor is aware, the current dispute has been ongoing since the Interrogatories were first served July 8, 2009. Yet, despite the fact that this matter has already been the subject of a motion to compel, two different hearings before the Court, two Court Orders, and a number of letters between the parties and the Court, LGE still refuses to provide full and complete responses to four of Defendants' twelve Interrogatories. LGE's continued refusal to provide responses has forced Defendants to seek the

Court's assistance in compelling LGE to respond to each of the Interrogatories discussed below.[1] Because of LGE's repeated failure to respond, and the now palpable prejudice stemming therefrom, Defendants also ask that the Court award Defendants their fees and costs associated with obtaining complete and proper responses to their Interrogatories.

Rather than simply answer Defendants' Interrogatories, LGE's practice has been to provide a series of disingenuous and contradictory objections, and partial responses to Defendants' discovery requests, as discussed in detail below. Tellingly, LGE has now provided five "responses" to Defendants' Interrogatories, with each response providing just a little bit more information, albeit incomplete, only after repeated letters, a motion by Defendants, and two Court Orders ordering them to respond. Not once has LGE asserted that its entire set of responses are complete or refused to supplement any of its responses when Defendants have complained in letter after letter about the deficiencies.

LGE's tactics are unacceptable, expensive, and highly prejudicial to Defendants' ability to defend themselves. Despite a clear mandate from the Court to be cooperative in discovery and answer Defendants' Interrogatories, LGE has demonstrated that it is unwilling to participate in a good faith exchange of information about the merits of the case. Frankly, LGE should be ordered to stop playing games and simply respond to each of Defendants' Interrogatories.

    I.    **BACKGROUND: LGE HAS GONE THROUGH GREAT EFFORT TO AVOID PROPERLY RESPONDING TO ALL OF THE INTERROGATORIES**

Defendants' Interrogatories, attached hereto as Exhibit 2, are common interrogatories propounded in nearly every patent litigation. Quite simply, they ask for basic information about LGE's infringement contentions and the allegations in its Complaint – information that is within the sole possession of LGE. This information is critical as it will allow Defendants to properly proceed through discovery and prepare their case for trial.[2]

Since the Court ordered LGE to respond to each of Defendants' twelve Interrogatories in November 2009, LGE has provided three additional responses. The first of these responses, attached hereto as Exhibit 3, answered one interrogatory and indicated that LGE would produce documents in response to the others pursuant to Rule 33(d). LGE did not specifically identify any responsive documents. Only after multiple letters, the Court's hearing of December 15, 2009, and additional unwarranted expense to Defendants, did LGE agree to further supplement its responses to do so.

On December 31, 2009, LGE provided another "supplement" to its responses to Interrogatory Nos. 1-10 (without addressing its incomplete responses to Interrogatory Nos. 11

---

[1] A proposed order is attached hereto as Exhibit 1.

[2] The parties are currently in the midst of claim construction briefing, with responsive briefs due March 19, 2010. Document production is ongoing, and no depositions have yet been taken.

and 12). *See* Exh. 4. This supplement, however, did not remedy the deficiencies in its responses to seven of the Interrogatories. After another letter from Defendants dated January 8, 2010 (attached hereto as Exh. 5), LGE agreed to supplement its answer to one more Interrogatory, but refused to respond to the others. *See* Exh. 6. After yet another letter from Defendants on January 22, 2010 (attached hereto as Exh. 7), the parties met and conferred on January 29, 2010. During the meet and confer, LGE refused to supplement its responses to Interrogatory Nos. 1 and 4, and agreed to "revisit" its responses to Interrogatory Nos. 2, 9, 11, and 12. On February 5, 2010, LGE provided another partial response, amending its answers to four of the Interrogatories. *See* Exh. 8. ***To date, LGE has refused to provide complete responses to Interrogatory Nos. 1 and 4, has provided contradictory responses to Interrogatory No. 2, and has admittedly provided only a small portion of the information requested by Interrogatory No. 9.***

## II. INTERROGATORY NO. 1: LGE REFUSES TO IDENTIFY DOCUMENTS SUPPORTING EACH OF ITS INFRINGEMENT CONTENTIONS

The Court's Order of February 4, 2009, explicitly requires that "Plaintiff LG Electronics, Inc. ("LG") shall identify those documents which support each of its Infringement Contentions under L.Pat.R. 3.1." (D.I. 134 (emphasis added).) LGE has not complied with this Order.

During the recent meet and confer between the parties, LGE claimed that it is not required to provide any additional information in response to Interrogatory No. 1 for two reasons. First, LGE claims it has complied with the Court's Order simply because it has provided a general list of responsive documents, arguing that Defendants can discern for themselves which documents support each contention. This argument is inconsistent with Rule 33(d), which requires that the responding party "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FED. R. CIV. P. 33(d). LGE's "list of responsive documents" (attached hereto as Exh. 9) is in fact merely a list of "documents [that] contain relevant information in support of Plaintiff's Infringement Contentions," and does not come close to providing the level of specificity required by the Court's Order, the Federal Rules, and the Interrogatory.[3] LGE has not indicated which documents support each infringement contention, and Defendants cannot be left to "guess" which documents LGE intends to rely on in support of each of these contentions.

Second, LGE recently contended that it is not obligated to fully respond to Interrogatory No. 1 because doing so would be "burdensome." This objection was not made in any of LGE's five responses, but was raised verbally for the first and only time by LGE during the January 29, 2010, meet and confer. As the Court already noted, this is a complicated case,[4] and, as such,

---

[3]   Notably, LGE's list of documents points to LGE's Infringement Contentions as documents that *support* its Infringement Contentions.

[4]   As the Court has already reminded LGE at the hearing on October 15, 2009, "[n]obody says this isn't difficult to do. It's a complicated case." *See* Tr. of Hearing, 14:13-25, Oct. 15, 2009.

3

LGE's assertion of a verbal objection raised for the first time five months after its initial response simply lacks any credibility or weight.  *See also* FED. R. CIV. P. 33(b)(4) ("Any ground [for objecting] not stated in a timely objection is waived. . . .").

### III. <u>INTERROGATORY NO. 2</u>:  LGE HAS PROVIDED CONTRADICTORY RESPONSES TO THIS INTERROGATORY

Interrogatory No. 2 requires that LGE "state whether [it] contend[s] there is an objective claim of nonobviousness, and if so, identify on a claim-by-claim basis all facts that you contend support or evidence such alleged objective evidence of nonobviousness or secondary considerations . . . that should be considered in determining whether the claim is invalid for obviousness." Exh. 2 at p.6.  While LGE's Supplemental Response dated December 31, 2009, identified some documents that are allegedly responsive to this Interrogatory, the response was incomplete.  As Defendants' letter to LGE of January 8, 2010, points out, merely identifying documents under Rule 33(d) is insufficient to answer this Interrogatory.[5]  *See* Exh. 5 at p.2.

In response to Defendants' letter, LGE sent a letter stating "LG does not currently contend that 'there is an objective claim of non-obviousness.'"  Exh. 6 at p.1.  Thus, despite LGE's previous identification of documents that allegedly provide the answer as to whether LGE contends there is an objective claim of nonobviousness, LGE's subsequent letter took a directly contrary position.  Yet, LGE refuses to amend its response under oath to reflect this position.

The current ambiguity in LGE's positions is unacceptable – Defendants cannot be left to "guess" LGE's contentions.  Thus, Defendants simply ask that LGE choose between its two contradictory answers to Interrogatory No. 2 and certify to its choice.[6]  If LGE contends there is an objective claim of nonobviousness, LGE should provide a complete response to the Interrogatory with all of the information requested.  If, however, LGE does not contend there is an objective claim of nonobviousness (as LGE's letter indicates), LGE should amend its response to withdraw its previous identification of responsive documents.

---

[5] LGE's partial response also claims that LGE cannot provide a "full and complete contention of the non-obviousness of each patents-in-suit [sic]" until it receives Defendants' expert reports. Exh. 5 at p.2.  Such a position is without merit.  Defendants' Invalidity Contentions provide LGE with an identification and explanation of Defendants' obviousness assertions, as required by the Local Patent Rules.  Thus, LGE has more than sufficient notice of Defendants' position to be able to provide its rebuttal.

[6] To be clear, and as Defendants explicitly stated during the meet and confer of January 29, 2010, Defendants do not mean to suggest that LGE cannot subsequently supplement its response.  Defendants merely ask for a definitive response to the Interrogatory at this time.

### IV. **INTERROGATORY NO. 4**: **LGE REFUSES TO IDENTIFY FACTS SUPPORTING, AND INDIVIDUALS KNOWLEDGEABLE ABOUT, ITS WILLFULNESS ALLEGATIONS AGAINST EACH DEFENDANT**

LGE's Amended Complaint alleges that each of the five named defendants is willfully infringing each of the five Patents-in-Suit. Defendants' Interrogatory No. 4 asks that LGE identify "all facts" upon which LGE bases its contention that each defendant's alleged infringement is willful, including an "identification of all documents supporting such allegations and an identification of the persons most knowledgeable about such allegations." Exh. 2 at p.6. LGE, however, has only identified documents under Rule 33(d) and stated that "engineers and design personnel of [Defendants] are most knowledgeable of Defendants' efforts at re-engineering of LG products and infringement of patents-in-suit by products of [Defendants]." This response is not a complete response to Interrogatory No. 4, and suggests that LGE may not have a good faith basis for all of its allegations.

LGE has not identified specific facts supporting, or individuals that are knowledgeable, about LGE's willfulness allegation *against each defendant*. Instead, LGE points to Defendants' "engineers and design personnel" and states that LGE will supplement its response "[o]nce LG receives and reviews Defendants' complete document production." Exh. 4 at p.6. This position is unacceptable and does not meet LGE's burden of production on the issue. As the Federal Circuit has explained, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Because LGE's allegation must be based upon a good faith basis of willful infringement prior to filing its original Complaint, LGE must be able to identify all facts it relied on in making such an allegation against *each defendant*. If LGE cannot do so, it should withdraw its willfulness allegations.

Furthermore, the documents LGE points to pursuant to Rule 33(d) do not answer Interrogatory No. 4 for *each defendant*. For example, LGE points to its Infringement Contentions, which state:

> Daewoo, ASKO USA, and ASKO AB has knowledge of each of the asserted patents and continues to import, sell, and/or offer to sell the Accused Instrumentalities within the United States. In particular, prior to initiating this lawsuit, Plaintiff has sent written notification to Defendants. Moreover, Daewoo was subject to patent enforcement proceedings in foreign courts based on foreign patents corresponding to one or more of the asserted patents.

Exh. 10 at p.6. With respect to Daewoo, LGE's response arguably provides the facts upon which LGE's allegation is grounded, but still does not identify the individuals most knowledgeable about its allegations. With respect to the other defendants, however, LGE has not provided a complete response. For example, LGE states that it "sent written notification to Defendants," but fails to even identify those writings in response to this Interrogatory. Moreover, LGE has not identified any other facts supporting, or individuals knowledgeable about, LGE's contention that the other defendants are willfully infringing the Patents-in-Suit.

5

## V.     <u>INTERROGATORY NO. 9:  LGE REFUSES TO PROVIDE THE SAME TYPE OF INFORMATION IT HAS DEMANDED FROM DEFENDANTS</u>

LGE recently provided a supplement to its response to Interrogatory No. 9, (*see* Exh. 8), which for the first time provided a substantive answer to one of the four subsections of the Interrogatory.  LGE, however, has failed to provide any substantive information relating to the three other subsections, despite the parties' numerous meet and confers, and Defendants' clear statement that a complete substantive answer is necessary.[7]  Interrogatory No. 9 asks for information easily obtainable by LGE regarding their sales in the United States.  Specifically, it asks for "(a) LGE's annual sales volume in the United States for each product LGE has already identified, (b) the customer(s)/distributor(s) that purchased the product from LGE, (c) the quantity of each product sold to each customer/distributor per annum, and (d) the price at which each product was sold."  Exh. 2 at p.7.  This information is highly relevant to, for example, Defendants' damages case, their rebuttal to any claim by LGE of commercial success, and their antitrust and other counterclaims.  LGE cannot dispute the relevancy as Defendants' Interrogatory No. 9 is nearly identical to an interrogatory LGE propounded and which Defendants have fully answered.

Yet, LGE refused to provide substantive answers based on a claim of irrelevancy.  Specifically, LGE objected "because [Interrogatory No. 9] seeks the identity of the 'customer(s)/distributor(s),' which are irrelevant and because this Interrogatory seeks the price of each product sold."  *Id.* at p.14.  Not only is such an objection nonsensical because it does not explain how the requested information is "irrelevant,"[8] it cannot possibly be made in good faith because this was the first time it was raised by LGE.  *See* FED. R. CIV. P. 33(b)(4) ("Any ground [for objecting] not stated in a timely objection is waived. . . .").  Indeed, LGE's previous responses indicated that LGE would respond to this Interrogatory, yet it now states that it will not respond.  Moreover, the information sought by Defendants is identical to the information LGE has demanded from Defendants, and is likely to lead to the identity of third parties having information relevant to this litigation.

                                      \*\*\*\*\*\*\*\*\*\*\*

---

[7] Throughout the months this interrogatory dispute has been ongoing, LGE has provided a series of incomplete responses designed to frustrate Defendants' attempts at obtaining the requested information.  For example, LGE's second supplemental response identified documents that are supposedly responsive, but are in fact general publicly-available financial information that do not provide any of the information requested by the Interrogatory.  *See* Exh. 4 at pp.12-13.  After two letters from Defendants requesting a proper response, LGE, as noted above, finally has provided its annual sales volume in the United States for each product it identified, but refused to provide any of the other requested information.  Exh. 8 at pp.14-24.

[8] As discussed above, the information is highly relevant to many aspects of Defendants' case.

Defendants' Interrogatories are designed to clarify issues and narrow the scope of dispute in the present case. LGE's discovery conduct, however, has deprived Defendants of basic information it needs for its case for over 5 months. Defendants respectfully request that the Court order LGE to fully and completely respond to each of the Interrogatories discussed above. In addition, given the repeated failure of LGE to respond to Defendants' Interrogatories, and the prejudice stemming therefrom, Defendants also ask that the Court award Defendants their fees and costs associated with obtaining these responses.

We are available at Your Honor's convenience to discuss these matters should Your Honor so request.

Respectfully,

*/s/ Marc D. Haefner*

Marc D. Haefner

cc:   Richard D. Kirk, Esquire (By E-Filing)
      Rodger D. Smith II, Esquire (By E-Filing)

3389228