# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>ASKO APPLICANCES, INC., *et al.*,<br><br>            Defendants. | C.A. No. 08-828-JAP |

### DEFENDANTS DAEWOO ELECTRONICS CORP.'S, DAEWOO ELECTRONICS AMERICA, INC.'S, AND DIGITAL SYMPHONY CORP.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWERS

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendants Daewoo Electronics Corp., Daewoo Electronics America, Inc., and Digital Symphony Corp. ("the Moving Defendants") move for leave to file their First Amended Answer, Affirmative Defenses, and Counterclaims, which add additional allegations of inequitable conduct, violation of 15 U.S.C. § 2, and violation of California's Unfair Competition Law by Plaintiff LG Electronics, Inc. ("LGE"). Defendants first learned of these additional allegations from documents recently produced by LGE. The proposed amendments fully comply with the Federal Rules of Civil Procedure. They are not prejudicial to LGE, not presented in bad faith or with dilatory intent, and are not futile. Pursuant to D. Del. L.R. 15.1, attached as Exhibits 1-3 are copies of the Moving Defendants' proposed First Amended Answers. Exhibits 4-6 are redlined versions of the Amended Answers, which show how the amended pleadings differ from the originals.

The present motion is necessitated by LGE's refusal to stipulate to the Moving Defendants' proposed amendments, despite LGE failure to present any basis grounded in the Federal Rules of Civil Procedure for this Court to deny the Moving Defendants' motion. In

response to the Moving Defendants' request that LGE stipulate, LGE indicated that it would be unwilling to do so unless the Moving Defendants: (1) "advise the Court that this stipulation in no way seeks to circumvent the Court's prior Order" bifurcating the case, and (2) "assert in the allegations whatever factual details are in [Defendants'] possession that served as the basis for this amendment." *See* LGE Letter of March 17, 2010, attached hereto as Exhibit 7. In response, the Moving Defendants indicated that they would agree to a stipulation that the amendment would not seek to circumvent the Court's Order on bifurcation, but that they did not see how LGE's view on the merits of the new claims had any bearing on whether LGE would stipulate to the amendments. *See* Defendants' Email of March 18, 2010, attached hereto as Exhibit 8. The Moving Defendants are disappointed that – despite the complete lack of prejudice – LGE has refused to stipulate to these amendments, even though LGE retains its right to respond to these amended answers as it deems appropriate.[1]

        The bases for this motion are as follows:

        1.    LGE amended its original Complaint on December 11, 2009, adding defendants Daewoo Electronics America, Inc. and Digital Symphony Corp. to already-existing defendants Daewoo Electronics Corp., ASKO Appliances, Inc. and ASKO Appliances AB. (D.I. 148.) In response to LGE's Amended Complaint, each of the Defendants filed an Answer, Affirmative Defenses, and Counterclaims on January 4, 2010. (D.I. 155-59.) Each of the Moving Defendants asserted affirmative defenses alleging, *inter alia*, that four of the five Patents-in-Suit are unenforceable due to inequitable conduct before the USPTO during prosecution of the applications that matured into these patents. The Moving Defendants also

---

[1]   The Moving Defendants note that when LGE sought to amend its Complaint, all the defendants readily agreed to stipulate to this amendment. (D.I. 136.) The defendants realized – as LGE apparently does not – that their right to respond was fully preserved.

asserted counterclaims alleging, *inter alia*, violations of federal, state, and common law antitrust or unfair competition laws. LGE then filed a motion to dismiss the Moving Defendants' inequitable conduct and antitrust/unfair competition allegations, which the Court denied. (D.I. 85; Hearing Tr., Oct. 15, 2009, 28:7-20 (attached as Exhibit 9)).

      2. By this motion, the Moving Defendants seek leave to file Amended Answers, Affirmative Defenses, and Counterclaims that assert allegations only recently discovered during a review of LGE's own documents and other material during the course of discovery. Specifically, the Moving Defendants' seek leave to assert:

    a. Additional allegations of inequitable conduct in connection with: (i) LGE's failure to disclose references material to the patentability of U.S. Patent No. 6,460,382 ("the '382 Patent"); and (ii) LGE's failure to disclose additional references material to the patentability of the other four Patents-in-Suit;

    b. Additional allegations that LGE is attempting to enforce patents that have been procured by fraud on the USPTO under the Sherman Act, 15 U.S.C. § 2 *et seq*. These additional allegations stem from LGE's failure to disclose the references discussed above with respect to the Moving Defendants' additional inequitable conduct allegations; and

    c. Allegations that LGE's actions, including its inequitable conduct and attempts to enforce patents that have been procured by fraud on the USPTO, violate California's Unfair Competition Law.

3.  Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court stated that "this mandate is to be heeded":

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.

Although the discretion to grant or deny leave to amend is committed to the sound discretion of the district court, the Supreme Court has stated that leave to amend should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*; *see also Howard v. Snyder*, C.A. No. 01-376-SLR, 2003 U.S. Dist. LEXIS 2368, at *2 (D. Del. Feb. 13, 2003) ("[T]he Federal Rules of Civil Procedure require leave to amend be freely granted.").

4.  None of the grounds for denying leave to amend are present here. LGE cannot possibly claim to be prejudiced by the proposed amendment, or that the Moving Defendants are acting in bad faith or with a dilatory motive. Moreover, the proposed amendment is properly pled and, thus, is not futile.

5.  The proposed amendment will not result in undue prejudice to LGE, nor are the Moving Defendants acting in bad faith or with a dilatory motive. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). "To justify the denial of a motion to amend, asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Voilas v. General Motors Corp.*, 173 F.R.D. 389, 396 (D. N.J. 1997). "Instead, the non-moving party must establish that the amendment 'unfairly disadvantage[s] or deprive[s] [it] of the opportunity to present facts or evidence. . . .'" *Id.* (*quoting Heyl & Patterson Int'l, Inc.*

*v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)). Furthermore, "[d]elay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the [party] has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Here, the Moving Defendants timely seek leave to amend their pleadings and LGE has not been disadvantaged in any manner or deprived of any opportunity. Factual discovery is still ongoing, and the Moving Defendants just recently learned of the additional allegations they now seek to assert. Moreover, the Moving Defendants' inequitable conduct and antitrust/unfair competition allegations have been bifurcated. As a result, the new allegations are not subject to further discovery, let alone expert reports and summary judgment, until after noninfringement and invalidity have been tried.[2] Thus, LGE cannot possibly claim that the proposed amendment is prejudicial or being presented in bad faith or with a dilatory motive.

      6.      Additionally, the proposed amendment is not futile. In the context of a motion for leave to amend, "futility" means that the pleading "as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). As a result, a district court applies the same standard as that imposed on a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), *id.*, and "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the [moving party,]" *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007). Here, the Moving Defendants have adequately pled the elements necessary to establish affirmative defenses and counterclaims

---

[2] On February 17, 2010, the Court granted LGE's motion to bifurcate the Moving Defendants' inequitable conduct affirmative defense and antitrust counterclaims. (D.I. 186.) The Moving Defendants' present motion does not seek to circumvent the Court's order on bifurcation. However, as the Court bifurcated these claims without prejudice, Defendants reserve the right to revisit the Court's bifurcation order at a later date.

based on LGE's inequitable conduct before the USPTO and unlawful, anticompetitive activity in violation of Section 2 of the Sherman Act as well as other unfair competition laws.

7. Further, the Moving Defendants' proposed amended pleadings include allegations that the Court must construe with heightened liberality. *See Bell Atlantic Corp. v. Twombly*. *See* 550 U.S. 544 (2007); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). In *Twombly*, the United States Supreme Court instructed that the threshold inquiry, in determining whether a claim can withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), is whether "[f]actual allegations [are] enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations are true (even if doubtful in fact). . . ." *Twombly*, 127 U.S. at 555. The Moving Defendants' detailed pleadings clearly meet this threshold showing. In fact, the proposed amended pleadings follow a similar format and contain even more factual allegations than those previously accepted by the Court. *See* Hearing Tr., Oct. 15, 2009, at 28:7-20 (attached as Exhibit 9). Specifically, the proposed amendments identify "the specific who, what, when, where, and how of the material misrepresentation or omission. . . ." *Exergen*, 575 F.3d at 1327. This includes, *inter alia*, identification of the specific prior art references known to LGE and withheld during prosecution of the Patents-in-Suit, the portions of the prior art references material to the patentability of specific claims of the Patents-in-Suit, specific individuals or groups of individuals that intentionally withheld the references during prosecution, and relevant dates. In sum, the Moving Defendants have proffered sufficient factual heft in its amended pleading to state viable defenses and causes of action warranting declaratory judgment that the Patents-in-Suit are unenforceable due to inequitable conduct before the USPTO, as well as damages for LGE's antitrust and unfair competition violations. Thus, the proposed amendments would not be futile.

8. For at least the reasons set forth above, the Moving Defendants respectfully request that the Court grants their motion for leave to amend.

           MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew C. Mayo*

Rodger D. Smith II (#3778)
Andrew C. Mayo (#5207)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
amayo@mnat.com
    Attorneys for Defendants

OF COUNSEL:

Mark L. Whitaker
J. Michael Woods
Brian K. Andrea
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800

Marc D. Haefner
CONNEL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
(973)533-4274

March 24, 2010
3468760

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that counsel for Defendants has raised the subject of the foregoing motion with counsel for Plaintiff, and the parties have not been able to reach agreement on the issues raised in the motion.

*/s/ Andrew C. Mayo*

Andrew C. Mayo

March 24, 2010

## CERTIFICATE OF SERVICE

I, Andrew C. Mayo, hereby certify that on March 24, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard D. Kirk
>Stephen B. Brauerman
>Bayard, P.A.

and that on March 24, 2010, I caused copies to be served upon the following in the manner indicated:

>**BY EMAIL**
>
>Richard D. Kirk
>Stephen B. Brauerman
>Bayard, P.A.
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE  19899
>rkirk@bayardlaw.com
>sbrauerman@bayardlaw.com
>
>Sunwoo Lee
>Jon B. Crocker
>Victoria D. Hao
>Holland & Knight LLP
>2099 Pennsylvania Avenue, N.W.
>Washington, DC  20006-6801
>sunwoo.lee@hklaw.com
>victoria.hao@hklaw.com
>jon.crocker@hklaw.com
>
>Karen A. Confoy
>Erica S. Helms
>Stems & Weinroth, P.C.
>50 West State Street
>Trenton, NJ 08608
>kconfoy@sternslaw.com
>ehelms@stemslaw.com

>*/s/ Andrew C. Mayo*
>Andrew C. Mayo (#5207)