NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS, INC., | : |
| Plaintiff, | : Civil Action No. 08-828 (JAP) |
| v. | : |
| | : **OPINION** |
| ASKO APPLICANCES, INC. f/k/a AM APPLICANCE GROUP, INC., ASKO APPLICANCES AB, DAEWOO ELECTRONICS CORP., DAEWOO ELECTRONICS AMERICA, INC., and DIGITAL SYMPHONY CORP., | : |
| Defendants. | : |

PISANO, District Judge.

Presently before the Court is a Motion for Reconsideration filed by Plaintiff LG Electronics, Inc. ("LG"), pursuant to New Jersey Local Civil Rule 7.1(i). In an Opinion dated January 25, 2011, the Court addressed its construction of the disputed claim terms of the patents at issue in this case, which relate to particular components of the motor and tub assembly in direct-drive, drum type washing machines. LG moves the Court to reconsider its construction with regard to the disputed terms "bearing housing" and "disposed between an inner and outer surface of the tub rear wall." For the reasons below, LG's motion is denied.

Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v.*

*Everson*, 2004 WL 1587894, *1 (D.N.J. May 21, 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J.1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted).

The Court finds that LG has not met the high burden of establishing adequate grounds for reconsideration. LG does not argue that an intervening change in the controlling law has occurred or that new evidence has become available; instead, LG bases its motion on supposed "factual and legal errors" in the Court's Opinion. LG Br. 1. To advance these contentions, however, LG offers nothing more than a "recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision."

First, LG claims that the Court erred when it found that LG disclaimed a bearing housing that was "inserted," or protruded beyond the tub wall, in the prosecution history of one of the patents-in-suit. Specifically, LG alleges that the disclaimer was not express and specific enough to qualify as a disclaimer. LG brought these same concerns to the attention of the Court in its answering brief for claim construction, *see* LG Responsive Claim Construction Brief, Docket Entry no. 205, p. 15-17, and in its presentation prepared for oral argument, *see* LG's Presentation prepared for the *Markman* hearing, Survey of *Markman* Case Law. The Court considered the cases and arguments presented by LG before rendering its claim construction decision and concluded that LG disclaimed an "inserted" bearing housing in the prosecution history. There is

no difference between that which LG presented then and that which it argues now.  As such, this claim is simply an attempt by LG to reargue its original case.

Second, LG contends that the Court's construction violates the doctrine of claim differentiation.  As LG notes, "there is . . . a presumption that two independent claims have different scope when different words or phrases are used in those claims."  LG Br. 6 (citing *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1369 (Fed. Cir. 2005) (citations omitted)).  Nonetheless, claim differentiation is "not a hard and fast rule of construction," and it "can not broaden claims beyond their correct scope, determined in light of the specification and the prosecution history and any relevant extrinsic evidence."  *Seachange*, 413 F.3d at 1369 (citations omitted).  In its claim construction decision, the Court determined, in light of the fact that "LG distinguished between the three [bearing housings] to obtain allowance of the patents-in-suit," that LG's construction broadened the claims beyond their correct scope.  Opinion 4.  Thus, the Court considered the arguments and cases raised by LG in its claim construction briefs, *see* LG Opening Claim Construction Br., Docket Entry no. 167-10, p. 33-34, and rejected them.  This claim is another attempt by LG to reargue its case.

Third, LG claims that the Court improperly used the disclosed embodiments from the specifications and drawings to limit the claim terms to one specific disclosed embodiment.  Rather than import limitations from the specification into the claims, however, the Court simply interpreted the claims in light of the specification, as is necessary and proper under Federal Circuit law.  *See generally SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc.*, 242 F.3d 1337, 1340-42 (Fed. Cir. 2001) (discussing cases in which courts properly used the specifications to construe the claims).  Here, although the claim language broadly referred to "bearing housings," the specifications in the patents-in-suit made clear that the claims referred to

3

nothing broader than that which was disclosed. Furthermore, LG previously made this argument in its answering brief for claim construction, *see* LG Responsive Claim Construction Brief, Docket Entry no. 205, p. 12-14, and in its presentation to the Court at oral argument, *see* LG's Presentation prepared for the *Markman* hearing, Survey of *Markman* Case Law. Therefore, the Court will not reconsider this claim.[1]

Accordingly, because LG has not met the high burden of establishing adequate grounds for reconsideration, this motion is denied.

/s/ JOEL A. PISANO
United States District Judge

Dated: April 7, 2011

---

[1] The Court notes that LG also claims that the Court improperly introduced the closed-ended phrase of "consisting of" and the negative limitation of "except for" to the claim terms. LG already raised this argument in its briefs, *see* LG Responsive Claim Construction Brief, Docket Entry no. 205, p. 13, and the Court rejects it for the same reasons it rejects LG's argument that the Court improperly used the disclosed embodiments from the specifications and drawings to limit the claim terms to one embodiment.

4